DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Elie F. Abboud has appealed from an order of the Medina Municipal Court that denied his motion for relief from judgment. This Court affirms.
 I.
On October 23, 1997, plaintiff Johnathan R. Clark-Wise filed a claim against Mr. Abboud in the Medina Municipal Court. The complaint alleged that Mr. Clark-Wise had performed some work for Mr. Abboud. Although Mr. Abboud had paid for some of the work, he refused to pay the remaining balance due to Mr. Clark-Wise.
On February 24, 1998, a trial was held before a magistrate. The magistrate rendered judgment in favor of Mr. Clark-Wise on March 9, 1998. Mr. Abboud filed objections to that decision on March 23, 1998; however, he failed to file the transcript of the proceedings before the magistrate. The trial court adopted the magistrate's decision and entered judgment for Mr. Clark-Wise on April 6, 1998.
On June 10, 1998, Mr. Abboud moved the trial court to grant him relief from the April 6, 1998 judgment. Also on that date, Mr. Abboud moved the trial court for an order granting a stay of execution of the April 6, 1998 judgment. The trial court ordered the clerk to hold all funds until further order of the court.
On July 9, 1998, the magistrate held a hearing on Mr. Abboud's motion for relief from judgment. The magistrate denied his motion. Mr. Abboud filed objections to that denial, again failing to file a transcript of the proceedings. On July 30, 1998, the trial court adopted the magistrate's decision and denied Mr. Abboud's motion for relief from judgment. Mr. Abboud timely appealed, raising two assignments of error.
 II. A.
Assignment of Error No. 1
 Whether the Court abused its discretion in overruling [Mr. Abboud's] Motion for Relief from Judgment without evaluating the motion against the requisites of Ohio Civil Rule 60(B).
In his first assignment of error, Mr. Abboud has asserted that the trial court failed to assess his motion for relief from judgment under the prevailing case law. This Court disagrees.
The standard of review of a trial court's decision on a Civ.R. 60(B) motion is whether the trial court abused its discretion. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. To constitute an abuse of discretion, a trial court's action must have been arbitrary, unreasonable, or unconscionable. See Stateex rel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467, 469.
Pursuant to Civ.R. 60(B), the court may relieve a party from a final judgment or order if it finds any of the following:
(1) mistake, inadvertence, surprise or excusable neglect;
 (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
The motion, however, must be made within a reasonable time, "and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." Civ.R. 60(B). Civ.R. 60(B) attempts to strike a balance between the competing principles that litigation must be brought to an end and that perfect justice should be done. In re Whitman (1998),81 Ohio St.3d 239, 242. Because public policy favors finality of judgments, relief under Civ.R. 60(B) is limited. Owiesny v.Owiesny (Dec. 9, 1992), Summit App. No. 15616, unreported, at 4.
In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment or order or proceeding was entered or taken. GTE Automatic Electric,Inc. v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. All three of the requirements must be met for the motion to be granted. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20.
In his motion to the trial court, Mr. Abboud asserted that he was entitled to relief from judgment on the grounds of mistake or excusable neglect pursuant to Civ.R. 60(B)(1). According to him, he was not aware that the case would proceed to trial. He asserted that the magistrate's denial of his request for a continuance prevented him from presenting all of the evidence. Essentially, Mr. Abboud asserted that he was entitled to relief from judgment because he was not prepared for trial.
According to the magistrate's decision[1] on March 9, 1998, the parties had discussed a possible consolidation of this case with a case that was pending in Cuyahoga County. Apparently, after Mr. Clark-Wise filed his complaint in the Medina Municipal Court, Mr. Abboud filed a complaint regarding the same matters in Cuyahoga County. Mr. Abboud and Mr. Clark-Wise's attorneys had had some discussions regarding possible consolidation or settlement of both cases. The cases, however, had not been consolidated or settled by the February 24, 1998 trial date. Mr. Abboud orally requested a continuance at the trial. His request was denied and the trial proceeded.
Although Mr. Abboud asserted in his motion for relief from judgment that he had a meritorious claim in this matter, he failed to articulate that claim in his motion. After a hearing, the magistrate denied Mr. Abboud's motion. Mr. Abboud objected to that decision claiming that the magistrate failed to address the merits of his motion by merely restating the original reasons for denying the motion for a continuance and compelling trial. The trial court overruled the objections to the magistrate's decision and denied Mr. Abboud's motion to for relief from judgment.
Despite Mr. Abboud's contentions to this Court, the trial court did apply the appropriate law in denying his motion for relief from judgment. The trial court properly considered the three factors set forth by the Ohio Supreme Court in the syllabus of GTE. The trial court specifically found that Mr. Abboud failed to demonstrate the existence of any mistake or excusable neglect that would justify vacating the judgment. Also, the trial court found that Mr. Abboud failed to indicate the existence of a meritorious defense to the complaint. Because Mr. Abboud failed to show two of the three required factors, the trial court denied his motion for relief from judgment.
The trial court's denial of his motion was not arbitrary, unreasonable, or unconscionable. Accordingly, the trial court did not abuse its discretion in denying his motion for relief from judgment. Mr. Abboud's first assignment of error is overruled.
 B.
Assignment of Error No. 2
 Whether it is error for the identical Trier-Of-Fact (sic) to rule upon a Motion For Relief From Judgment without assessing the Motion in accordance With (sic) Ohio Civil Rule 60(B).
In his second assignment of error, Mr. Abboud has asserted that it was improper for the trial court, the trier of fact in the underlying judgment, to rule on his motion for relief from judgment. Mr. Abboud has, however, failed to point to any authority to support this argument. As the appellant, Mr. Abboud was required to provide citations to authorities supporting his brief and the standard of review applicable to his assignments of error. App.R. 16(A)(7) and Loc.R. 7(A)(6). In support of his second assignment of error, Mr. Abboud has merely incorporated the arguments set forth in his first assignment of error. Because Mr. Abboud has failed to explain how the trial court's actions were improper and has failed to refer to any legal authority in support of his assignment of error, this Court will disregard his second assignment of error. See App.R. 12 (A)(2) and 16(A)(7). "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), Summit App. Nos. 18349 and 18673, unreported, at 18.
 III.
Mr. Abboud's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE, FOR THE COURT
BAIRD, P.J. and BATCHELDER, J. CONCUR
[1] Although Mr. Abboud points to the transcript of the proceedings before the magistrate in support of his argument, it does not appear that the transcript was before the trial court when it reviewed the decision of the magistrate. This Court does have a copy of the transcript, but it cannot be considered because it was not before the trial court. This Court, therefore, is left with only the magistrate's decision.