[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 239.]

IN RE WHITMAN.

[Cite as *In re Whitman*, 1998-Ohio-466.]

*Domestic relations—Dissolutions—Civil procedure—Trial court may grant relief from judgment under Civ.R. 60(B)(1), (2), or (3) as to property division in the separation agreement without vacating the decree of dissolution, when—Remarriage of opposing party is not a complete bar to relief, but may be considered by trial court in determining whether such relief is equitable.*

1.  Where the parties to a dissolution of marriage have expressly agreed in a separation agreement that the agreement may be modified by court order, and the agreement has been incorporated into the decree, a trial court may, pursuant to its continuing jurisdiction to enforce the decree, grant relief from judgment under Civ.R. 60(B)(1), (2), or (3) as to the property division in the separation agreement without vacating the decree of dissolution.

2.  When a party has petitioned pursuant to Civ.R. 60(B)(1), (2), or (3) for relief from a decree of dissolution, remarriage of the opposing party is not a complete bar to relief, but may be considered by the trial court in determining whether such relief is equitable.

(No. 96-1487—Submitted September 24, 1997—Decided March 11, 1998.)

APPEAL from the Court of Appeals for Hancock County, No. 5-95-47.

_____

{¶ 1} On December 9, 1993, appellant, Jacquelyn S. Whitman, and appellee, Jeffrey J. Whitman, signed a separation agreement that was filed with the court with a petition for dissolution of marriage. This separation agreement included an article regarding modification. Article 17 states as follows: "This

Agreement shall not be altered, modified, or amended unless it is done so in writing, signed by both parties, or by Court Order."

**{¶ 2}** On March 9, 1994, the parties signed an addendum to the separation agreement on the same day as the final dissolution hearing before a court-appointed referee. The addendum did not alter Article 17. On March 16, 1994, the court issued the final decree of dissolution approving and incorporating the separation agreement and the addendum.

**{¶ 3}** On August 15, 1994, Mrs. Whitman filed a motion for relief from judgment under Civ.R. 60(B)(1), (3), and (5), asking the court to partially set aside the judgment entry and separation agreement because several issues were not properly and fairly addressed in the final order. Shortly thereafter, Mrs. Whitman amended her motion for relief, claiming that there were substantial omissions, mistakes, and misstatements in the separation agreement and requesting that the entire dissolution be vacated.

**{¶ 4}** During the pendency of the Civ.R. 60(B) motion, Mr. Whitman remarried. The court conducted a series of evidentiary hearings and, on July 25, 1995, granted Mrs. Whitman's motion for relief and vacated the decree of dissolution. The court concluded that the separation agreement failed to address ownership of substantial material assets and that Mrs. Whitman had entered into the agreement based upon a material mistake of fact. Furthermore, Mr. Whitman's remarriage was not a defense because he had remarried with knowledge of the proceedings and the potential implications for his remarriage.

**{¶ 5}** The appellate court reversed and held that Civ. R. 60(B) was not available for relief from a decree of dissolution when the party against whom the motion was made has legally remarried. In such a case, the aggrieved party was limited to a common-law cause of action for damages.

**{¶ 6}** The cause is now before this court upon the allowance of a discretionary appeal.

*Malone & Ault* and *Richard R. Malone*, for appellant.

*Whitman & Hawkins Co., L.P.A.,* and *Jeffrey V. Hawkins,* for appellee.

**LUNDBERG STRATTON, J.**

{¶ 7} We are asked to decide whether a party to a dissolution of marriage is entitled to relief from judgment under Civ.R. 60(B) when at the time he or she consented to a separation agreement, he or she was unaware that it contained material omissions, mistakes, and misstatements with regard to property belonging to the couple. We must also decide the effect, if any, of the opposing party's remarriage upon the court's Civ.R. 60(B) analysis.

{¶ 8} For the reasons that follow, we hold that where the parties to a dissolution have expressly agreed in a separation agreement that the agreement may be modified by court order, and the agreement has been incorporated into the decree, a trial court may, pursuant to its continuing jurisdiction to enforce the decree, grant relief from judgment under Civ.R. 60(B)(1), (2), or (3) as to the property division in the separation agreement, without vacating the decree of dissolution. We also hold that when a party has petitioned pursuant to Civ.R. 60(B)(1), (2), or (3) for relief from a decree of dissolution, remarriage of the opposing party is not a complete bar to relief, but may be considered by the trial court in determining whether such relief is equitable.

DISSOLUTION AND THE SEPARATION AGREEMENT

{¶ 9} In Ohio, dissolution is a creature of statute that is based upon the parties' consent. It is this mutuality component of a dissolution that distinguishes it from termination of a marriage by divorce. Indeed, "mutual consent is the cornerstone of our dissolution law." *Knapp v. Knapp* (1986), 24 Ohio St.3d 141, 144, 24 OBR 362, 364, 493 N.E.2d 1353, 1356. An integral part of the dissolution proceeding is the separation agreement agreed to by both spouses. R.C.

3105.63(A)(1). The separation agreement must provide for a division of *all* property. *Id.* The separation agreement is a binding contract between the parties. *In re Adams* (1989), 45 Ohio St.3d 219, 220, 543 N.E.2d 797, 798.

{¶ 10} If the court is satisfied that both parties agree to the dissolution and to the terms of the separation agreement, then a judgment or decree of dissolution is granted whereby the marriage is legally terminated. R.C. 3105.65(B). The statute provides for relief from the final judgment in strictly limited circumstances because both parties agreed and consented to the terms of the separation agreement and dissolution of the marriage.

{¶ 11} Courts retain only limited jurisdiction in dissolution proceedings. A court retains continuing jurisdiction to enforce the decree and to modify issues "pertaining to the allocation of parental rights and responsibilities for the care of the children, to the designation of a residential parent and legal custodian of the children, to child support, and to visitation."[1] R.C. 3105.65(B).

{¶ 12} But if consent or mutuality did not exist when the parties entered into the separation agreement because of fraud or material mistake or misrepresentation, then there was no agreement upon which the dissolution decree could have been based. This lack of mutuality undermines the integrity of the dissolution proceeding and may constitute sufficient grounds to set aside the decree under Civ.R. 60(B). *In re Murphy* (1983), 10 Ohio App.3d 134, 10 OBR 184, 461 N.E.2d 910. See, also, *In re Hobbs* (June 11, 1992), Franklin App. No. 91AP-1478, unreported, 1992 WL 132460; *Kelly v. Nelson* (Dec. 29, 1992), Franklin App. No. 92AP-1014, unreported, 1992 WL 394859.

---

1. An earlier version of the statute also authorized courts to modify matters involving periodic alimony payments. However, in 1975, the General Assembly amended the law and deleted the court's power to retain jurisdiction over alimony matters, again emphasizing the need for finality of the termination of the marriage. (136 Ohio Laws, Part II, 2452.)

CIV.R. 60(B)

{¶ 13} Civ.R. 60(B) is a mechanism whereby a party or parties may obtain relief by motion from a judgment or order. The moving party must demonstrate that he or she (1) has a meritorious defense or claim to present if the relief is granted, (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) has made the motion within a reasonable time unless the motion is based upon Civ.R. 60(B)(1), (2), or (3), in which case it must be made not more than one year after the judgment. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. The determination of whether relief should be granted is addressed to the sound discretion of the trial court. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, 1123.

{¶ 14} Nothing within Civ.R. 60(B) precludes its application to dissolution decrees. In fact, courts have relied upon Civ.R. 60(B) to set aside the entire decree in dissolution cases where the separation agreement was based on incomplete financial disclosure. *In re Hobbs*, *supra; Kelly v. Nelson, supra; In re Murphy*, *supra; Ashley v. Ashley* (1981), 1 Ohio App.3d 80, 1 OBR 359, 439 N.E.2d 911.

{¶ 15} When relying on Civ.R. 60(B), courts generally vacate the entire dissolution decree, including the separation agreement that was incorporated into the decree. *Id.* Courts have reasoned that because the separation agreement has been incorporated into the final decree itself, to vacate the separation agreement is also to vacate the final decree. *Ashley v. Ashley*, 1 Ohio App.3d at 83, 1 OBR at 363, 439 N.E.2d at 915. Courts have concluded that this result maintains the integrity of the legislative scheme that emphasizes the mutuality of the parties' consent to a dissolution.

{¶ 16} While we recognize the importance of finality of judgments, particularly in this context, we believe that Civ.R. 60(B) seeks a balance between the need for finality and the need for fair and equitable decisions based upon full

and accurate information. Civ.R. 60(B) attempts to " 'strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.' " *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 248, 18 O.O.3d 442, 445, 416 N.E.2d 605, 609 (quoting 11 Wright & Miller, Federal Practice and Procedure [1973] 140, Section 2851).

## PUBLIC POLICY CONCERNS

**{¶ 17}** There is a need for finality to the dissolution proceeding. Parties to a dissolution expect their marriage to be terminated for all time. The General Assembly intended some degree of finality when it restricted the continuing jurisdiction of courts in dissolution proceedings. We have previously upheld the finality of a dissolution with respect to the alimony or spousal support set forth in the separation agreement. *Knapp v. Knapp* (1986), 24 Ohio St.3d 141, 24 OBR 362, 493 N.E.2d 1353; *In re Adams*, 45 Ohio St.3d 219, 543 N.E.2d 797.

**{¶ 18}** A heightened need for finality exists in these cases because legal relationships change as the result of a dissolution when former spouses enter into new marriages. If the dissolution of a marriage is later vacated, then the validity of any subsequent marriage is thrown into doubt. The situation is further complicated if children are involved in the subsequent relationships.

**{¶ 19}** The court of appeals also expressed a concern about the potential for vindictively filed motions. However, a trial court is not required to grant Civ.R. 60(B) relief. While remarriage of one of the parties is clearly a factor to be considered by the trial court in determining whether Civ.R. 60(B) relief would be appropriate, the motivations of the movant may also be considered. Thus, while the remarriage of a party is a factor which may weigh against the granting of a Civ.R. 60(B) motion, it does not automatically prevent the court from finding that such relief is appropriate under all of the circumstances.

**{¶ 20}** The court of appeals' opinion that remarriage is a complete bar to awarding any relief is not based upon sound policy and may cause inequitable

results for the party seeking relief from an unfair property division. Such a rule may encourage a party to remarry merely to thwart a former spouse's ability to challenge an unfair property division after discovering fraud or misrepresentation. We believe that permitting Civ.R. 60(B) relief in cases of mutual mistake, fraud, or misrepresentation will serve as a deterrent to such practices.

## MODIFICATION OF THE DECREE OF DISSOLUTION

**{¶ 21}** The trial court concluded that the omission of a substantial amount of assets from the Whitman separation agreement constituted a material mistake of fact and a fatal flaw in the decree. Therefore, the court vacated the entire dissolution decree. The court of appeals, however, focused on Mr. Whitman's remarriage and the problems that the trial court's vacation created with respect to the remarriage. Both courts refused to modify only part of the separation agreement. Both the court of appeals and the trial court were acting under a belief that the property division in this case could not be amended without vacating the entire decree of dissolution. It is, therefore, necessary to address the issue of modification.

**{¶ 22}** We have never held that Civ.R. 60(B) relief must take the form of a full vacation of the judgment or order. In fact, partial vacation or modification of an order has been implicitly accepted as an acceptable form of relief under this rule. See, generally, *e.g.*, *System Fedn. No. 91, Ry. Employees' Dept. AFL-CIO v. Wright* (1961), 364 U.S. 642, 81 S.Ct. 368, 5 L.Ed.2d 349 (finding an abuse of discretion when trial court refused to modify a consent decree pursuant to a Fed.R.Civ.P. 60[b] request).

**{¶ 23}** While the General Assembly has given courts continuing jurisdiction to modify those sections of a separation agreement that pertain to parental rights and responsibilities, R.C. 3105.63 and 3105.65 do not create continuing jurisdiction for a trial court to modify property divisions in separation agreements. However, nothing in the statutes suggests that parties are precluded

from voluntarily including a provision for continuing jurisdiction in their separation agreement. This general principle has previously been recognized in the context of spousal support modifications. In *In re Adams*, 45 Ohio St.3d 219, 543 N.E.2d 797, we held that although the court does not have statutory authority to modify the alimony payments established by the parties in the separation agreement, the parties themselves could agree to give the trial court this authority. See, also, *Colley v. Colley* (1989), 43 Ohio St.3d 87, 538 N.E.2d 410, syllabus.

**{¶ 24}** Therefore, in a dissolution proceeding, if the parties have incorporated into the separation agreement a clause that allows the court to modify the agreement by court order, and the court has approved this agreement and incorporated it into the decree of dissolution, the court has continuing jurisdiction to enforce this clause. If the parties both consent to a modification of the agreement or actually incorporate a means for modification into their settlement agreement, the element of mutual consent has not been lost, and there is no reason to require vacation of the entire decree in order to grant relief under a Civ.R. 60(B) motion. Consequently, a trial court may grant relief from judgment under Civ.R. 60(B)(1), (2), or (3) as to the property division in the separation agreement without vacating the decree of dissolution where the parties to a dissolution have expressly agreed in a separation agreement that the agreement may be modified by court order and the agreement has been incorporated into the decree.

**{¶ 25}** The settlement agreement that was incorporated into the Whitmans' dissolution decree included an article that provided for modification of the agreement. Article 17 of the separation agreement states as follows: "This Agreement shall not be altered, modified, or amended unless it is done so in writing, signed by both parties, or by Court Order." This language would have no meaning if modification by court order were limited to those instances in which the dissolution statutes already provide for modification. Therefore, in order to give this clause any meaning, it must be read to refer to modifications not otherwise

authorized under the dissolution statutes. This reservation of power to the court is clearly broad enough to encompass modifications to any provision of the settlement agreement.

{¶ 26} Thus, as Civ.R. 60(B) is an appropriate procedural vehicle for requesting relief from a judgment, be it vacation or modification, and as the parties in this case have specifically reserved to the court the power to modify the separation agreement, the trial court may, in its discretion, elect to modify the property division rather than vacate the entire decree.

{¶ 27} In order to further promote finality in dissolution proceedings, today's holding is limited to motions brought under Civ.R. 60(B)(1), (2), and (3). This limitation, in effect, provides permanency to any dissolution that has remained unchallenged for one year. Civ.R. 60(B). Further, it preserves the rights of the moving party to Civ.R. 60(B) relief without sacrificing the general finality of a dissolution decree and without creating any undue hardship for the opposing party. By limiting our holding in this way, we also remain consistent with our holding in *Knapp v. Knapp,* 24 Ohio St.3d 141, 24 OBR 362, 493 N.E.2d 1353, which precluded a party from using the "it is no longer equitable" clause of Civ.R. 60(B)(4) to modify a decree of dissolution that was entered into voluntarily.

{¶ 28} Consequently, we reverse the judgment of the court of appeals and remand this cause to the trial court for reconsideration consistent with this opinion.

*Judgment reversed*

*and cause remanded.*

MOYER, C.J., RESNICK and PFEIFER, JJ., concur.

COOK, J., concurs in part and dissents in part.

DOUGLAS, J., dissents.

F.E. SWEENEY, J., dissents and would affirm the judgment of the court of appeals.

———————————

**COOK, J., concurring in part and dissenting in part.**

{¶ 29} I concur with the view expressed in the majority opinion that Civ.R. 60(B) relief is available despite the remarriage of one of the parties to a dissolution.

{¶ 30} I cannot agree, however, that Civ.R. 60(B) permits a separation agreement incorporated into a dissolution decree to be amended by court order in any way other than in accordance with R.C. 3105.65(B). To hold otherwise and sanction the use of Civ.R. 60(B) to impose a property division different than the parties originally agreed to is to obviate an element necessary to dissolutions— assent. When granting Civ.R. 60(B) relief, a court must vacate the dissolution, not amend the separation agreement.

{¶ 31} The majority acknowledges the necessity of assent by the parties to the terms of a separation agreement incorporated into a dissolution decree, but then reaches out to find *assent to court-ordered modification* in the clause of the separation agreement dedicated to *non*-modification. Relief from judgment pursuant to Civ.R. 60(B) is, of course, available to afford recourse to parties otherwise foreclosed by the finality-of-judgment doctrine and does not hinge on a party's giving consent to such court action. Thus, the import ascribed by the majority to the phrase "or by Court Order" in this separation agreement appears strained. A more reasonable reading would be that the phrase in the agreement acknowledges the potential for court-ordered modification pursuant to R.C. 3105.65(B).

{¶ 32} For the foregoing reasons, I would reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

———————————