OPINION
Appellant, Deborah K. Simpson, appeals from a judgment of the Marion County Court of Common Pleas which granted Civ.R. 60(B) relief from judgment to appellee, Robert D. Simpson.
In June 1994, the parties were granted a dissolution of marriage. The dissolution decree ending the parties' marriage incorporated the terms of their separation agreement and an amendment thereto. The agreement stated in paragraph D:
D. BANK ACCOUNTS AND 401-K
 Husband and wife shall each be entitled to one-half (1/2) of the funds in the joint checking account, Husband's credit savings account, and Husband's 401-K Plan as of the effective date of this agreement.
The separation agreement thereafter sets forth in paragraph F:
F. PERSONAL PROPERTY
 Each of the parties shall retain as his/her own, free and clear from any claims of right or title by the other * * * any bank accounts, savings accounts, rights in pension plans * * * and other rights currently possessed by each of said parties, except as provided in this agreement.
On October 24, 1997, the trial court journalized a Qualified Domestic Relations Order ("QDRO") which assigned one-half of the balance of appellee's "The Scotts Company Profit Sharing and Savings Plan" to appellant. Appellant later received one-half of the amounts in appellee's 401(K) and profit sharing accounts. On January 20, 1998, appellee moved the court for an order finding appellant in contempt and to correct the QDRO because appellant had not been entitled to receive one-half of his profit sharing account. On March 23, 1998, the magistrate ordered the motion be treated as including a request for relief from judgment under Civ.R. 60(A) and (B)(1). Thereafter, on July 29, 1998, appellee filed an "amended" motion for relief from judgment under Civ.R. 60(B). The basis for the motion was that appellee's counsel had used a form QDRO as provided by appellee's employer which encompassed both his profit-sharing and 401(K) plans, but by the terms of the separation agreement and accompanying decree, appellant was entitled to only one-half of the 401(K) account balance.
A magistrate conducted an evidentiary hearing on the matter. On September 10, 1998, the magistrate filed his decision. No objections were filed to the magistrate's decision. After the decision, on October 23, 1998, appellant filed a Civ.R. 60(B) motion seeking relief from the separation agreement and accompanying decree and/or the QDRO. The trial court's entry of November 12, 1998 adopted the magistrate's decision, sustained appellee's motion pursuant to Civ.R. 60(B), and vacated the QDRO. Further, the court ordered the preparation of any QDRO necessary to implement the dissolution decree. Appellant then filed a notice of appeal on December 11, 1998. The record does not indicate that the trial court ever ruled on appellant's belated motion for relief from judgment; a matter mooted by the pendency of this appeal.
Appellant now appeals and raises the following two assignments of error:
 The trial court committed error prejudicial to the petitioner-appellant by granting the petitioner-appellee's request for relief from judgment. The decision is contrary to law.
 The trial court committed error prejudicial to the petitioner-appellant by granting the petitioner-appellee's motion for relief from judgment. The decision is an abuse of discretion.
Although both assignments of error address the trial court's decision granting appellee relief from judgment, what they appear to argue instead is that the trial court erred in failing to require a reopening of the dissolution decree because the incorporated separation agreement does not disclose and dispose of a marital asset, namely appellee's profit sharing account. Under R.C. 3105.63(A)(1), the separation agreement must provide for a division of all property. R.C. 3105.65(B), however, provides for relief from the final judgment in strictly limited circumstances because both parties agreed and consented to the terms of the separation agreement and dissolution of the marriage. In re Whitman (1998), 81 Ohio St.3d 239, 241. Civ.R. 60(B) has been relied upon to set aside the dissolution decree where the separation agreement was based on incomplete financial disclosure. Id. at 242. As we noted above, the record does not indicate that the trial court ruled on appellant's motion for relief from the decree of dissolution, which was filed after the time period for objections to the magistrate's decision and shortly before the trial court's adoption of the decision. Therefore, the only issue for our review in this appeal is whether the trial court erred by vacating the QDRO under Civ.R. 60(B) as it relates to the parties' separation agreement.
When reviewing a trial court's determination to grant Civ.R. 60(B) relief, we must apply an abuse-of-discretion standard. See id. To prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that he or she (1) has a meritorious defense or claim to present if relief is granted, (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) has made the motion within a reasonable time unless the motion is based upon Civ.R. 60(B)(1), (2), or (3), in which case it must be made not more than one year after the judgment. Id. citing GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Civ.R. 60(B) relief has been applied to a QDRO.[1] See Owens v. Owens (Dec. 16, 1998), Wayne App. No. 2778-M, unreported; Childs v. Kinder (Nov. 23, 1998), Butler App. No. CA98-01-009, unreported.
After hearing the testimony of the parties and appellee's prior counsel who had participated in the negotiation of the agreement, the magistrate determined that it was the intent of the parties' separation agreement and accompanying dissolution decree that one-half of only the 401(K) plan was to be conveyed to appellant. While a trial court lacks continuing jurisdiction to modify a property division in a separation agreement which has been incorporated into a dissolution decree, the court does have the power to clarify any confusion and resolve disputes over the interpretation of such an agreement so as to effectuate its decree. See R.C. 3105.65(B); In re Dissolution of Marriage of Seders (1987), 42 Ohio App.3d 155, 157; Saeks v. Saeks (1985),24 Ohio App.3d 67, 70. As the appellate court stated in In re Dissolution of Marriage of Seders at 156:
 Whenever a clause in a separation agreement is deemed to be ambiguous, it is the responsibility of the trial court to interpret it. The trial court has broad discretion in clarifying ambiguous language by considering not only the intent of the parties but the equities involved.
In the instant case, appellant never objected to the magistrate's conclusion regarding the intent of the agreement. According to Civ.R. 53(E)(3)(b), "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law [of a magistrate] unless the party has objected to that finding or conclusion under this rule." We have previously held the failure to object constitutes a waiver on appeal of the issue. Proctor v. Proctor (1988), 48 Ohio App.3d 55,58-59. Therefore, we cannot find that the conclusion that appellee has demonstrated the existence of a meritorious claim for a QDRO which complies with the agreed property division in the separation agreement was an abuse of discretion.
We now turn to whether appellee demonstrated one of the grounds for relief under Civ.R. 60(B)(1).[2] We note that generally any "mistake, inadvertence, surprise or excusable neglect," by counsel for a party does not entitle that party to relief from judgment under the rule. Argo Plastic Products Co. v. Cleveland (1984), 15 Ohio St.3d 389, 393. On the other hand, it has been held that relief should be granted where the trial court makes a finding that the parties are seeking an equal division of marital assets and the lawyer's mathematical error interferes with that goal. Krysa v. Sieber (1996), 113 Ohio App.3d 572, 578.
In the instant case, the magistrate found that appellee's prior counsel prepared the QDRO using a pattern QDRO supplied by the employer. The magistrate further found that the sample QDRO provided by the employer included references to both the profit sharing plan (a.k.a. pension plan), as well as the 401(K) plan of appellee. The magistrate also noted that appellee's former counsel testified at the evidentiary hearing that he had made a mistake when he inadvertently included in the QDRO reference to the profit sharing plan. The magistrate concluded that appellee was entitled to relief under Civ.R. 60(B)(1) on the grounds of mistake and inadvertence. In light of the magistrate's conclusion as to the intent of the parties to the agreement, we conclude that such a finding is proper in this case. Furthermore, we agree with the magistrate that appellee's motion for relief was made in a timely manner.
Because the trial court did not abuse its discretion when it granted appellee's motion pursuant to Civ.R. 60(B), both of appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT, P.J., and HADLEY, J., concur.
[1] We note that in its decision, the trial court apparently believed that appellee's motion should have been construed as a motion for dismissal under Civ.R. 41(B)(2). Nevertheless, the court did grant relief from judgment in accordance with Civ.R. 60(B). Therefore, we analyze it under the legal standards applicable to Rule 60(B).
[2] Civ.R. 60(B)(1) provides that relief from a final judgment, order or proceeding can be granted on the grounds of "mistake, inadvertence, surprise or excusable neglect[.]"