OPINION
The defendant-appellant, Deborah Stegall ("appellant"), appeals the judgment of the Auglaize County Court of Common Pleas denying her Civ.R. 60(B) motion to set aside the judgment. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history of this case are as follows. The appellant and the appellee, Dr. Victor Stegall ("appellee"), were married on November 13, 1982. They had one child born issue of their marriage and the appellee has two children from a former marriage. The appellee filed for divorce on August 1, 1997 and the appellant answered and filed a counter-claim on September 5, 1997. A final hearing was scheduled in this matter for August 3, 1998. Prior to the commencement of the hearing, the parties entered into an agreement. The agreement was read into the record by the appellant's counsel and both parties consented to the trial court making the agreement part of the final order. The trial court filed a Judgment Entry of Divorce adopting the parties' agreement on October 16, 1998.
On January 25, 1999, the appellant filed a motion for contempt[1] and a Civ.R. 60(B) motion to vacate the judgment entry and decree of divorce. The appellant alleged that she had newly discovered evidence that would entitle her to relief from the judgment. An evidentiary hearing was held in this matter on September 17, 1999. At the conclusion of the hearing, the trial court ruled from the bench and denied the appellant's Civ.R. 60(B) motion. It is from this judgment that the appellant now appeals, asserting two assignments of error.
Before addressing the appellant's assignments, it is necessary to set forth the standard of review in this matter. When reviewing a trial court's determination on a Civ.R. 60(B) motion for relief, we must apply an abuse of discretion standard. In ReWhitman (1998), 81 Ohio St.3d 239, 241. The phrase "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. To prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that he or she (1) has a meritorious defense or claim to present if relief is granted, (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) has made the motion within a reasonable time unless the motion is based upon Civ.R. 60(B)(1), (2), or (3), in which case it must be made not more than one year after the judgment. Id. citing GTEAutomatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Assignment of Error No. 1
 The trial court erred and abused its discretion by improperly excluding newly discovered extrinsic evidence which if allowed would have shown that the appellee deceived the appellant. As a result of that deception, all the marital assets were not divided by the parties' agreement; the assets being $1,052,000.00 held in custodial accounts and $200,000.00 in the value of medical equipment, for a total amount of $1,252,000.00.
 In her first assignment of error, the appellant contends that the trial court erred in excluding the testimony of Randy Elsass.[2] The appellant claims she is entitled to relief from judgment due to newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B). Civ.R. 60(B)(2). Specifically, the appellant is contesting the characterization of custodial accounts in the names of Chandra and Chanin Stegall, the appellee's children from a prior marriage, as separate property. In the agreement between the parties, which eventually was adopted and incorporated into the Judgment Entry of Divorce, these accounts were deemed "separate accounts of Chanin and Chandra and neither party was entitled to any moneys which were paid to Chanin and Chandra."
The appellant claims that she had a conversation with Randy Elsass, an investment representative, sometime after the divorce was final, and discovered that the appellee had set up the accounts in question for purposes other than to benefit the children. At the Civ.R. 60(B) hearing, the appellant attempted to illicit testimony from Mr. Elsass concerning his knowledge of these accounts, however the trial court did not permit such testimony. At the time Mr.Elsass' testimony was offered, the trial court had already ruled on this branch of the appellant's motion. The trial court found two bases for overruling that part of the motion. First, the custodial accounts were dealt with at the time of the divorce hearing and were part of the final entry. Secondly, Chanin and Chandra Stegall, who were once parties to this action, were not served with the Civ.R. 60(B) motion and therefore did not have the opportunity to defend themselves with regards to these accounts.
However, the trial court did allow the appellant to testify to the conversation she had with Mr. Elsass. The trial court did not preclude the appellant from presenting the evidence she alleged supported her Civ.R. 60(B) motion. Therefore, the trial court did not abuse its discretion by excluding Mr. Elsass' testimony on this issue.
Accordingly, the appellant's first assignment of error is overruled.
Assignment of Error No. 2
 The trial court erred in its decision in overruling the appellant's motion for 60(B) relief is against the manifest weight of the evidence. [sic]
 The appellant contends that the trial court's denial of her Civ.R. 60(B) motion is against the manifest weight of the evidence. For the following reasons, we disagree.
As stated previously, the appellant alleges that there is newly discovered evidence concerning the custodial accounts and the value of the appellee's medical equipment that entitles her to relief from the judgment. The newly discovered evidence proffered by the appellant, concerning the custodial accounts, is the conversation she had with Randy Elsass and, concerning the medical equipment, the testimony of an accountant. It is clear from the record that both parties were aware of these assets at the time of the divorce decree. As for the custodial accounts, they were specifically provided for in the agreement reached by the parties. The appellant's attorney drafted this agreement and the appellant testified at the divorce hearing that the agreement was fair and equitable. As for the medical equipment, the record reveals that the appellant was provided with releases that enabled her to obtain whatever information she desired concerning the medical equipment. The appellant hired an accountant to appraise the medical practice and included in that appraisal is a value for "equipment and fixtures."
The appellant's contention that the equipment was undervalued does not constitute newly discovered evidence which could not have been discovered by due diligence and is simply unfounded. As the trial court stated in its decision, "the medical equipment issue is simply information that the parties had at the time and the court does not believe there is anything that was not disclosed or with reasonable diligence could not be obtained." The trial court's decision is clearly supported by the evidence and in no way constitutes an abuse of discretion.
Accordingly, the appellant's second assignment of error is not well taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 ______________________________ HADLEY, PRESIDING JUDGE
 SHAW and WALTERS, JJ., concur.
[1] The trial court found that the appellee was not in contemptof a court order. The appellant is not appealing this ruling bythe trial court.
[2] The appellant's assignment mentions the value of themedical equipment. However, it is unclear from the appellant'sbrief what evidence the trial court excluded concerning theequipment.