{¶ 33} The facts of this case are troubling, for at least two reasons.
 {¶ 34} First the agreement the parties made was not a separation agreement, as that is defined by R.C. 3105.63(A)(1). It contains no requirement concerning child support. And, though it provides that spousal support is not subject to the court's continuing jurisdiction, for purposes of modification, the agreement imposes no spousal support obligation. Instead, and in lieu of those matters, the agreement imposes an obligation on John Applegate to pay Angela Applegate Severson a substantial monthly payment for a term of years.
 {¶ 35} It is questionable whether this type of agreement is one which the court is authorized to adopt pursuant to R.C. 3105.65(B) when it grants a decree of dissolution, because it allows the parties to avoid particular requirements the law imposes. However, no appeal was taken from the decree of dissolution, and any errors in those respects is no longer subject to our review.
 {¶ 36} Second, it is apparent that John and Angela entered this agreement on the basis of short-term expectations, that it would provide for Angela and their children after John had left the home. The several references in the agreement to Angela's use of the home demonstrate that her remaining there, with the children, was a principal purpose which the required monthly payments was intended to serve. That Angela might remarry and leave was certainly possible, but it was not within the contemplation of the parties when they assumed their obligations.
 {¶ 37} Angela argues that, nevertheless, the rights and duties the agreement confers are not contingent on her remaining in the home. It is true that her remaining there is not identified as an express condition to Angela's rights or John's duties under the agreement. Adopting that rationale, the trial court held that Angela is not bound by the agreement to remain in the home, and as a consequence her departure is not a breach that relieves John of the duties imposed on him by their *Page 11 
agreement. Judge Wolff likewise applies that rationale.
 {¶ 38} It is not appropriate or correct to resolve this issue on principles of contract law because John invokes Civ.R. 60(B)(4), which permits equitable relief from a legal obligation. In this instance, the obligation is imposed by the decree of dissolution through its incorporation of the parties' agreement. Civ.R. 60(B)(4) permits the court to vacate the decree "when it is no longer equitable that the judgment should have prospective application." The availability of that equitable relief is not prevented by the existence of the legal obligation from which the movant seeks relief. Absent the legal obligation, there would be no basis to seek relief from it.
 {¶ 39} On this record, I believe that the trial court abused its discretion when it denied John the Civ.R. 60(B)(4) relief he seeks. Angela's move from the home she was awarded is a material departure from the facts and circumstances the parties contemplated when they made their agreement. Perhaps they were short-sighted, but that is not a basis to impose the burden of their mistakes on John while unduly enriching Angela.
 {¶ 40} Even were John to seek a modification of his child support obligation, which per R.C. 3105.65(B) the court retains jurisdiction to order, there is no basis in the agreement or decree on which to determine what that obligation currently is. Also, though the agreement makes no provision for spousal support, the agreement broadly provides that "[t]he court shall retain jurisdiction over this matter with (respect) to all issues except that of spousal support". A decree of dissolution may be modified to award Civ.R. 60(B) relief when the parties have expressly agreed in their separation agreement that it may be modified by court order, Whitman v. Whitman (1998),81 Ohio St.3d 239, as these parties did. That remedy ought to be applied here to vacate John's monthly obligation and determine his obligations for child support and spousal support, if any, after first converting the *Page 12 
proceeding to one for divorce pursuant to R.C. 3105.65(C).
 {¶ 41} I would reverse and remand. *Page 1