OPINION
{¶ 1} Defendant-appellant, John M. Senoyuit, appeals the judgment of the Trumbul County Court of Common Pleas, Domestic Relations Division, denying his Motion for Relief from Judgment. For the following reasons, we affirm the decision of the court below. *Page 2 
 {¶ 2} Senoyuit and plaintiff-appellee, Jane Senoyuit nka Sartorio, were married on July 8, 1983, in Trumbull County. No children were born as issue of the marriage.
 {¶ 3} On May 13, 2002, Sartorio filed a Complaint for Divorce against Senoyuit and various other defendants, not parties to this appeal, alleged to hold assets of which a portion was marital.
 {¶ 4} On May 29, 2003, a trial was held on the merits, at which the parties entered into an in-court settlement agreement resolving most of the issues between the parties. The manner in which the parties' pensions were to be divided remained unresolved.
 {¶ 5} At the time of the divorce, Senoyuit was receiving a pension from General Motors Corporation. The parties agreed that a portion of this pension was nonmarital, as Senoyuit had worked for General Motors thirteen years prior to the marriage. Sartorio had a vested pension through the Ohio Public Employees Retirement System, which was wholly marital in nature. In post-trial briefing, the parties discussed what impact consideration of social security benefits, or, in Sartorio's case, the social security component of her pension, would have on the division of the pensions.
 {¶ 6} On February 20, 2004, the domestic relations court issued its Judgment Entry granting the parties a divorce. The court ordered, with respect to Senoyuit's pension, that a "Qualified Domestic Relations Order shall issue dividing equally the coverture portion of this monthly benefit" and that, in respect to Sartorio's pension, that a "Qualified Domestic Relations Order [sic] shall issue dividing the pension equally between the parties." On March 4, 2004, an Amended Judgment Entry was issued which did not affect the division of the parties' pensions. *Page 3 
 {¶ 7} On June 8, 2004, a Stipulated Qualified Domestic Relations Order was entered assigning Sartorio "an amount equal to Fifty Percent (50%) of the Marital Portion of the participant's Accrued Benefit under the Plan," based upon a duration of marriage from July 8, 1983, to June 1, 2003.
 {¶ 8} On September 28, 2004, a Division of Property Order was entered assigning Senoyuit, in "either periodic payments OR a lump sum payment * * * 50 percent (50%) of fraction * * * of the Plan Participant's periodic benefit or one-time lump sum payment," to be determined based upon a duration of marriage of 14.62 years and the date on which "the Plan Participant elects to take a benefit or a payment."
 {¶ 9} On February 7, 2006, Senoyuit filed a Motion for Relief from Judgment pursuant to Civil Rule 60(B). In the attached affidavit, Senoyuit stated that he believed, "at the time of the divorce, his monthly pension payment was supposed to be reduced at age sixty-two (62), when [he] was entitled to receive his Social Security benefits." Senoyuit "also believed that when [Sartorio] started to receive her OPERS pension payments, the portion that was paid to [Sartorio] pursuant to the QDRO dividing his pension would stop." Since that time, Senoyuit has learned that Sartorio will continue to receive a portion of his pension even after she begins receiving benefits from her pension and that the amount of his monthly pension will not be reduced until he reaches the age of sixty-three. Finally, Senoyuit stated that he believed he would be able to receive a lump sum distribution from Sartorio's pension, although, in fact, he may not be able to do so. Acccordingly, "the facts and circumstances upon which the parties based their agreement have changed," thus "making the division of property with respect to the parties' retirement plans inequitable." *Page 4 
 {¶ 10} On July 5, 2007, the domestic relations court denied Senoyuit's motion.
 {¶ 11} Senoyuit timely appeals and raises the following assignment of error: "The trial court erred in denying appellant's Motion for Relief from Judgment Pursuant to Civ. Rule 60(B)."
 {¶ 12} The Ohio Supreme Court set forth the standard for granting a Civ.R. 60(B) motion as follows: "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec, Inc. v. ARC Industies, Inc.
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The Supreme Court has made clear that the movant must meet all three criteria to be entitled to relief. A timely motion may not be granted solely because the movant has a meritorious defense. "[T]he movant must demonstrate that he is entitled to relief under one of the grounds stated in Civ.[R.] 60(B)(1) through (5)." Id. at 151. While Civ.R. 60(B) is a remedial rule and, therefore, to be construed liberally, the trial court must bear in mind that the rule attempts to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." Colley v. Bazell (1980),64 Ohio St.2d 243, 248, citing 11 Wright Miller, Federal Practice Procedure 140, Section 2851, as quoted in Doddridge v. Fitzpatrick (1978),53 Ohio St.2d 9, 12. *Page 5 
 {¶ 13} The decision to grant or deny a Civ.R. 60(B) motion is entrusted "to the sound discretion of the trial court." In reWhitman, 81 Ohio St.3d 239, 242, 1998-Ohio-466, citing Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. A trial court abuses its discretion when it makes a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} The trial court concluded that Senoyuit had failed to meet the first requirement of Civ.R. 60(B), i.e. to demonstrate a meritorious claim or defense. We agree.
 {¶ 15} The basis for Senoyuit's motion is that the parties' agreement regarding the division of the pension was based upon certain assumptions which have proven false or unfounded. As Sartorio points out, however, the division of the parties' pensions was decided by the court, rather than by agreement of the parties. Thus, a theory of mistake of fact is inapplicable to undermine the judgment dividing the pension.
 {¶ 16} Moreover, the changed circumstances alleged by Senoyuit do not render the domestic relations court's division of the pensions inequitable. Senoyuit maintains that he believed the amount of his pension would be reduced at age sixty-two; that Sartorio would cease receiving payments from his pension when she began receiving her pension; and that he would be able to receive a lump sum payment from Sartorio's pension. There is no evidence that any of these assumptions were relevant to the lower court's consideration of the pension issue or to the parties themselves. The Stipulated Qualified Domestic Relations Order issued for Senoyuit's pension expressly states that "benefits to [Sartorio] will be payable for the duration of [Senoyuit's] lifetime." Neither party, in their briefs submitted to the court on the pension issue, discuss the expectation *Page 6 
that Senoyuit's pension would be reduced at age sixty-two or that Senoyuit expected to be able to receive a lump sum payment from Sartorio's pension. Finally, the domestic relations court's division of the pensions, essentially an even division of the marital portion of both pensions, does not depend on the actual value of the pensions. In other words, the court did not divide the pensions in such a way as to compensate one party for some inequitable distribution of another marital asset. Rather, the court divided the pensions evenly without regard for their actual value.
 {¶ 17} Senoyuit cites three cases in support of his argument. All are distinguishable. In Kingery v. Kingery, 3rd Dist. No. 8-05-02,2005-Ohio-3608, and Borzy v. Borzy, 9th Dist. No. 3185-M, 2001-Ohio-1871, 2001 Ohio App. LEXIS 5363, the courts of appeals affirmed the decision of lower courts to grant motions for relief from judgment in situations involving the division of pension benefits. In both cases, the Domestic Relations Orders dividing the pension benefits were ambiguous and/or did not reflect the intent of the divorce decrees. It was on this basis that relief was granted and subsequently affirmed.Kingery, 2005-Ohio-3608, at ¶ 17 ("we find that the trial court did not abuse its discretion in issuing the Second Amended QDRO to accurately reflect the parties' intent in the original division of pension benefits in the divorce decree"); Borzy, 2001 Ohio App. LEXIS 5363, at *7 ("[t]he trial court's decision that the first three QDRO's were in conflict with the parties' original intent in their divorce decree is neither unreasonable, arbitrary or unconscionable").
 {¶ 18} In the present case, Senoyuit has only demonstrated that the Orders dividing the pensions did not reflect his subjective understanding of the divorce decree. There is no evidence in the record that these Orders are in conflict with the divorce *Page 7 
decree issued by the court or with the parties' intentions as expressed in their hearing testimony and briefing on the pension issue.
 {¶ 19} In Perkins v. Perkins (July 11, 2001), 9th Dist. No. 3123-M, 2001 Ohio App. LEXIS 3087, the court of appeals reversed the trial court's decision to grant a motion for relief from judgment. InPerkins, the appellee had stipulated at the divorce hearing that appellant's pension was worth $78,202.44, based on a monthly pension benefit of $682.50. Id. at *10-*11. It appears that the trial court did not order the appellant's pension to be divided by Domestic Relations Order, but, rather, compensated appellee for the marital portion of appellant's pension through the division of property. Id. at *1-*2. By retiring after a certain age, however, appellant received a monthly retirement benefit of $1,020. Id. at *9-*10. In granting relief, the trial court ordered the appellee to receive an additional sum of money "[t]o equalize the [parties'] property division." Id. at *4.
 {¶ 20} Perkins does not support Senoyuit's position. First, the court of appeals found the granting of relief from judgment to be an abuse of discretion because the parties had stipulated to the value of appellant's pension. Id. at *12. Second, the appellee inPerkins was compensated for the value of appellant's pension through the property settlement. Arguably, the higher the appellant's pension was valued, the greater the appellee's portion of the property settlement would have been. In the present case, both parties' pensions were divided by a percentage formula. Accordingly, the amount received by the "alternate payee" changes depending on how much the "plan participant" actually receives in a given month. In other words, if the amount of one party's monthly payment increases, both parties receive a share of the *Page 8 
benefit. If the amount of a party's monthly payment decreases, both parties share the loss. Thus, Perkins is factually distinguishable.
 {¶ 21} The sole assignment of error is without merit.
 {¶ 22} The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, denying Senoyuit's Motion for Relief from Judgment is affirmed. Costs to be taxed against appellant.
 CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur. *Page 1