{¶ 32} I respectfully dissent. Because Blevins' Civ.R. 60 motion requested the court to modify the property division in the separation agreement of the dissolution, and because the trial court granted her motion under Civ.R. 60(B)(4) or (5) as opposed to Civ.R. 60(B)(1), (2), or (3), I would reverse the judgment of the trial court. In my view, the majority's reliance on Coulson v. Coulson (1983), 5 Ohio St.3d 12, syllabus, is misplaced because it involved a divorce, not a dissolution.
 {¶ 33} "R.C. 3105.63 and 3105.65 do not create continuing jurisdiction for a trial court to modify property divisions in separation agreements." In re Whitman (1998), 81 Ohio St.3d 239, 244. However, as to a property division modification, the Supreme Court of Ohio carved out an exception to setting aside the entire decree in Whitman, supra. The Whitman court held, "Where the parties to a dissolution of marriage have expressly agreed in a separation agreement that the agreement may be modified by court order, and the agreement has been incorporated into the decree, a trial court may, pursuant to its continuing jurisdiction to enforce the decree, grant relief from judgment under Civ.R. 60(B)(1), (2), or (3) as to the property division in the separation agreement without vacating the decree of dissolution." Id. at paragraph one of the syllabus. Therefore, by implication, even if the parties to the dissolution included the above clause, a trial court cannot modify property divisions in separation agreements under Civ.R. 60(B)(4) or (5). In fact, the Whitman court expressly held that the exception is limited to relief under Civ.R. 60(B)(1), (2), or (3) "[i]n order to further promote finality in dissolution proceedings[.]". Id. at 245. *Page 19 
 {¶ 34} Here, Blevins' asked the court to modify the property division under Civ.R. 60(B)(5). She did not ask the court to vacate the entire decree. The parties did not provide this court, as part of the record, the separation agreement. However, even assuming the agreement contains language expressly allowing modification by court order, the court still erred. The court granted Blevins' request to modify the property division under Civ.R. 60(B)(4) or (5), contrary to Whitman and Knapp v.Knapp (1986), 24 Ohio St.3d 141. Therefore, in my view, the trial court abused its discretion when it granted her Civ.R. 60(B) motion and modified the property division.
 {¶ 35} Accordingly, I would sustain Hurst's general argument that the trial court erred when it granted his ex-wife's Civ.R. 60(B) motion to modify the property division. I would find his remaining arguments moot. See App.R. 12(A)(1)(c). I would reverse the judgment of the trial court.
 {¶ 36} I realize that my position seems harsh when a fraud upon the court is involved. However, here, the evidence shows that Blevins also participated in the fraud upon the court. She knew of the side agreement but remained silent.
 {¶ 37} In addition, I feel compelled to follow Whitman. See, also,Knapp (involved a Civ.R. 60(B)(4) motion for relief from a dissolution). As the Knapp court stated, "Finality requires that there be some end to every lawsuit, thus producing certainty in the law and public confidence in the system's ability to resolve disputes. Perfection requires that every case be litigated until a perfect result is achieved. For obvious reason, courts have typically placed finality above perfection in the hierarchy of values." Id. at 145.
 {¶ 38} Accordingly, I dissent. *Page 20 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
Kline, J.: Dissents with Attached Dissenting Opinion. *Page 1