[Cite as *In re R.H.*, 2021-Ohio-1944.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE R.H.
     K.H.

C.A. No.     29869

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    DN 20-03-0195
               DN-20-03-0196

DECISION AND JOURNAL ENTRY

Dated: June 9, 2021

CARR, Judge.

{¶1} Appellant, T.H. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that denied her motion to vacate the court's prior judgment adjudicating her children dependent and placing them in the temporary custody of Summit County Children Services Board ("CSB"). This Court reverses and remands.

I.

{¶2} Mother is the biological mother of R.H., born September 9, 2015; and K.H., born May 28, 2017. The children's father ("Father") appeared at the hearing in support of Mother's Civ.R. 60(B) motion but has not appealed the trial court's judgment. Because only Mother has appealed, this Court will confine its statement of the facts to those directly relevant to her.

{¶3} Although no evidentiary hearing was held in the case, the parties do not dispute that, on February 29, 2020, R.H. began suffering unexplained seizures and Mother sought medical

treatment for him. The child was treated at Akron Children's Hospital for a suspected drug overdose and hospital personnel informed CSB and Mother that R.H. had tested positive for opiates. R.H. and K.H. were removed from Mother's custody the same day pursuant to Juv.R. 6.

{¶4} On March 2, 2020, CSB filed complaints alleging that R.H. and K.H. were abused and dependent children. The "factual basis" for both adjudications was set forth in a two-page narrative of alleged facts. The factual allegations in the complaint included that R.H. had been suffering seizures and was treated with Narcan for "possible drug ingestion," that CSB discussed with Mother its concerns about "the unexplained cause of [R.H.'s] overdose[]," and that "[R.H.] suffered an opiate overdose, requiring the administration of two doses of Narcan."

{¶5} On April 27, 2020, via a Zoom web conference, Mother waived her right to an adjudicatory hearing. CSB agreed to dismiss its legal allegation that R.H. was an abused child, but no factual allegations were stricken from the complaint. Mother agreed to stipulate that both children were dependent based on the factual allegations in the original complaint. The magistrate questioned Mother about the rights she was waiving, and her attorney informed the court that Mother would submit a written waiver later, which she did on May 31, 2020.

{¶6} Based on the parties' agreements, the magistrate accepted Mother's waiver of her right to an adjudicatory hearing and her agreement to an adjudication of dependency. The magistrate decided that the children were dependent pursuant to R.C. 2151.04(B) and (C) "as alleged in the [c]omplaint." The same day, April 27, 2020, the trial court adopted the magistrate's decision. The children were later placed in the temporary custody of CSB.

{¶7} On June 12, 2020, Mother filed a motion to vacate the stipulated adjudication and later disposition of her children, asserting that she had just learned from R.H.'s doctor that R.H. had not overdosed on opiates. The doctor informed Mother that further testing had revealed that

R.H. had suffered seizures because of a previously undiagnosed seizure disorder. Mother asserted that she had agreed to the allegations in the complaint because hospital personnel misinformed her that R.H. had suffered a drug overdose. Because all parties had been informed that R.H. had suffered a drug overdose on February 29, and did not learn otherwise until June, she maintained that the agreed adjudication had been based on a mutual mistake of fact. *See* Civ.R. 60(B)(1). Mother argued that, because of that mistake, she had not knowingly and intelligently waived her right to an adjudicatory hearing.

{¶8}    While the motion to vacate the judgment was pending, the children were returned to Mother's custody under an order of protective supervision. On October 5, 2020, the parties appeared before the trial court to present oral arguments on Mother's Civ.R. 60(B) motion, as well as to present evidence on CSB's motion to terminate protective supervision and close the case.

{¶9}    Following the hearing, the trial court denied Mother's motion for relief from the adjudication and subsequent disposition of her children. The trial court also terminated protective supervision of Mother's children and closed the case. Although the children were returned to Mother's custody and the case was closed, the adjudication of Mother's children would have ongoing collateral effects, including the trial court retaining jurisdiction over the children until they reached the age of 18. R.C. 2151.353(F)(1). Mother appeals and raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING MOTHER'S MOTION FOR RELIEF FROM JUDGMENT UNDER CIV.R. 60(B)(1).

{¶10} Mother's sole assignment of error is that the trial court erred in failing to grant her relief under Civ.R. 60(B)(1) from the stipulated dependency adjudication and resulting disposition of her children. To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), Mother was required to demonstrate: (1) she had a meritorious defense or claim to present if relief is granted; (2) she was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion was made within a reasonable time. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Civ.R. 60(B) provides specific grounds for relief, which include: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * * ; (3) fraud * * * ; (4) the judgment has been satisfied * * *, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

{¶11} The trial court's decision to grant or deny a Civ.R. 60(B) motion for relief from judgment is left to its sound discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988). In exercising its discretion, however, the trial court should focus on the purpose of Civ.R. 60(B). Civ.R. 60(B) "is a remedial rule to be liberally construed so that the ends of justice may be served." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996). It enables trial courts to strike a balance between the need for finality and the need for "fair and equitable decisions based upon full and accurate information." *In re Whitman*, 81 Ohio St.3d 239, 242 (1998).

{¶12} The Ohio Supreme Court, again emphasizing that Civ.R. 60(B) is a remedial rule to be construed to achieve a just result, held that, after parties stipulated "to a material fact in error[,]" the prejudiced party was entitled to relief from judgment under Civ.R. 60(B)(1). *State ex rel. Citizens for Responsible Taxation v. Scioto Cty. Bd. of Elections*, 67 Ohio St.3d 134, 136 (1993) (parties' stipulation was based on a mutual mistake about the number of valid signatures

required to get a levy decrease issue on the ballot). Although that case was based on a different underlying situation, its mutual mistake reasoning under Civ.R. 60(B)(1) can similarly be applied here. Mother and CSB also stipulated to a material fact in error (that R.H. had tested positive for opiates). That mutual mistake of fact was at the heart of the trial court's adjudication of Mother's children and Mother's waiver of her right to a contested hearing. Justice required a vacation of the stipulated adjudication because Mother demonstrated that it was not based on "full and accurate information." *See In re Whitman*, 81 Ohio St.3d at 242.

{¶13} As noted already, no evidence was taken in this case, but the parties do not dispute the following relevant facts. On February 29, 2020, R.H. began suffering unexplained seizures and was taken to the hospital. He was treated at the hospital for a suspected opiate overdose; he stopped seizing after receiving two doses of Narcan; and the parties were informed by hospital personnel that R.H. had tested positive for opiates.

{¶14} The children were removed from Mother's custody and CSB filed a complaint two days later, alleging several facts about the home environment of R.H. and his sibling, including that R.H. had overdosed on opiates.[1] Mother later stipulated to an adjudication that both her children were dependent based on the facts alleged in the complaint.

{¶15} Several weeks after the stipulated adjudication of the children, however, the parties were informed that more comprehensive testing had ruled out an opiate overdose and instead revealed that R.H. suffered from a seizure disorder. Having learned that the parties were mutually mistaken about R.H. overdosing on opiates, Mother moved for relief from judgment under Civ.R.

---

[1] Although the parties disagree about what was alleged in the complaint regarding the child's ingestion of opiates, the complaint is part of the trial court record and speaks for itself.

60(B)(1), which provides for relief from a judgment upon the basis of "mistake, inadvertence, surprise or excusable neglect."

{¶16} After hearing oral arguments from the parties based on the agreed relevant facts, the trial court denied Mother's motion for relief from judgment. In its judgment denying the motion, the trial court first found that Mother had demonstrated the first and third prong of the *GTE Automatic* test: that she had a meritorious defense to present if relief was granted and that the motion was made within a reasonable time. It denied the motion, however, concluding that Mother had failed to demonstrate that the stipulated adjudication of dependency was based on a mutual mistake of fact.

{¶17} The trial court's rejection of the "mistake" ground under Civ.R. 60(B)(1) was apparently based on its implicit conclusion that any mistake of fact in this case was not "material" to the stipulated adjudication of dependency. *See State ex rel. Citizens for Responsible Taxation v. Scioto Cty. Bd. of Elections*, 67 Ohio St.3d at 136. Specifically, the trial court accepted the parties' representation that they had been mistaken that R.H. tested positive for opiates based on the information that they received from the hospital on February 29, because they later learned otherwise in June 2020. Nevertheless, the trial court concluded that Mother stipulated only to the facts alleged in the complaint and "the complaint reveals no mention of a positive drug screen for the child." That conclusion, however, is not supported by the record.

{¶18} The complaint[2] in this case did allege that R.H. suffered an opiate overdose. It specifically alleged that R.H. was treated with Narcan for "possible drug ingestion," that CSB discussed with Mother its concerns about "the unexplained cause of [R.H.'s] overdose[]," and that

---

[2] Although there are actually two complaints, one for each child, the relevant factual allegations within them are identical.

"[R.H.] suffered an opiate overdose, requiring the administration of two doses of Narcan." The complaint does not explicitly mention a "positive drug screen," but that fact is clearly implied through the allegations that the child suffered an opiate overdose. The allegations that R.H. suffered an opiate overdose necessarily relied on the information about a positive drug screen on February 29.

{¶19} Although CSB made arguments at the hearing and on appeal about whether there were sufficient remaining allegations in the complaint to support an adjudication of dependency, that is not relevant here because Mother was not seeking to vacate an adjudication after an evidentiary hearing. Instead, she sought to vacate her stipulation that all the facts alleged in the complaint were true.

{¶20} Before accepting Mother's admission/stipulation to an adjudication that her children were dependent, the trial court was required to address Mother personally and determine whether she was voluntarily, knowingly, and intelligently waiving her right to a contested adjudicatory hearing. Juv.R. 29(D). At the time of adjudication, the trial court complied with this obligation, but the parties later learned that Mother's waiver was based on the parties' mutual mistake about a material fact: that R.H. had suffered an opiate overdose on February 29, 2020. This mistaken fact was at the heart of CSB's allegations against Mother.

{¶21} Because the stipulated adjudication was based on a mutual mistake of material fact, Mother did not knowingly and intelligently stipulate to the adjudication of dependency. For that reason, the trial court acted unreasonably in failing to vacate the stipulated adjudication pursuant to Civ. R. 60(B)(1). Mother's assignment of error is sustained.

III.

Mother's assignment of error is sustained insofar as it asserts that the stipulated adjudication and resulting disposition of her children should be vacated. Because that is the sole issue before this Court, it will be for the trial court to determine how to proceed after vacating the stipulated adjudication and resulting disposition of Mother's children.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
<u>CONCUR</u>


<u>APPEARANCES</u>:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

MYRA COTTRILL, Attorney at Law, for Appellee.

JIM BRIGHTBILL, Guardian ad Litem.