decision and journal entry
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Thanos Liodos has appealed from two judgments of the Summit County Common Pleas Court, Domestic Relations Division. Appellant has appealed from an order granting a decree of divorce to Appellant and Appellee Eleanor Liodos and also from the denial of a motion for relief from judgment, which judgment granted a decree of legal separation to the same parties. The two actions have been consolidated for purposes of this appeal. This Court affirms both judgments.
 I.
On April 22, 1999, Appellee Eleanor Liodos filed a complaint for legal separation from her husband of fifteen years, Thanos Liodos. Following a hearing, a magistrate of the domestic relations division of common pleas court granted a decree of legal separation and also ordered that the decree incorporate a written separation agreement into which the parties had previously entered. The trial judge adopted the decision of the magistrate. Appellee was represented by counsel throughout these matters while Appellant proceeded pro se during the legal separation.
Thereafter, Appellee filed a complaint for divorce, requesting that the court adopt the separation agreement as the property settlement of the divorce. Appellant, then represented by counsel, answered and counter-claimed, asserting that the separation agreement is unconscionable, not voluntarily entered into, and does not represent an equitable settlement of the marital issues between the parties.
Subsequently, Appellant filed a motion requesting a hearing regarding the issue of continuing the terms of the separation agreement and also that the court hold the divorce in abeyance until a motion for relief from judgment could be filed and ruled upon. The trial court overruled the motion, finding that the separation agreement was adopted by the court as part of the decree of legal separation and, because jurisdiction was not reserved, the court was without jurisdiction to modify the separation agreement as to the property settlement and spousal support. Thereafter, Appellant filed a motion for relief from judgment in the legal separation action, which the trial court denied. The trial court also entered a final order, granting a decree of divorce to the parties. Appellant has timely appealed the order of divorce and the denial of the motion for relief from judgment in the legal separation action. Two assignments of error are presented for review.
 II.
Assignment of Error No. 1
The trial court committed prejudicial error against defendant and abusedits discretion by denying the motion for relief from judgment filed bydefendant pursuant to Civ.R. 60(B).
Through his first assignment of error, Appellant has contended that the trial court erred in denying his motion for relief from judgment. Appellant has sought relief from the provision in the separation agreement regarding spousal support because it is non-modifiable by its own terms and could work a severe financial hardship on him if he should lose his job. Appellant has asserted that he is entitled to relief because he was "unrepresented and confused" as to the permanency of the provision at the time of the hearing for the legal separation. The provision in the Separation Agreement regarding spousal support is as follows:
Husband shall pay as and for spousal support, the sum of one thousand two hundred forty-five and 55/100 per month. Spousal support shall terminate when the youngest child reaches the age of eighteen (18). Husband understands that any order regarding Spousal support is a final order of the Court and is not modifiable except by agreement of the parties.
Thus, the separation agreement provides that Appellant is obligated to pay spousal support in the amount of $1245.55 per month until the youngest child reaches the age of eighteen, which is approximately thirteen years from the time of the creation of the agreement.
"Civ.R. 60(B) is a mechanism whereby a party or parties may obtain relief by motion from a judgment or order." In re Whitman (1998),81 Ohio St.3d 239, 242. Civ.R. 60(B) provides in part:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
The standard of review of a trial court's decision on a Civ.R. 60(B) motion is whether the trial court abused its discretion. Strack v.Pelton (1940), 70 Ohio St.3d 172, 174. To constitute an abuse of discretion, a trial court's action must have been arbitrary, unreasonable, or unconscionable. See State ex rel The V Cos. v. Marshall
(1998), 81 Ohio St.3d 467, 469. Civ.R. 60(B) attempts to strike a balance between the competing principles that litigation must be brought to an end and that perfect justice should be done. In re Whitman (1998),81 Ohio St.3d 239, 242. Because public policy favors finality of judgments, relief under Civ.R. 60(B) is limited. Owiesny v. Owiesny
(Dec. 9, 1992), Summit App. No. 15616, unreported, at 4.
The Ohio Supreme Court has held:
To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment or order or proceeding was entered or taken.
GTE Automatic Electric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. All three of the requirements must be met for the motion to be granted. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20.During the hearing on the legal separation, the magistrate specifically advised Appellant of his right to counsel and Appellant indicated on the record that he chose not to retain an attorney. In addition, Appellant initialed a portion of the separation agreement acknowledging that he was advised of the "desirability of seeking his own attorney and knowingly and voluntarily has chosen to waive his right to seek independent counsel."
The agreement also specified that the parties acted voluntarily and that the agreement represents the entire agreement between the parties:
Each party acknowledges that each of them is making this agreement of his own free will and volition and acknowledges that no coercion, force, pressure or undue influence has been used against either for the signing of this agreement, by either party, or by any other person or persons.
* * *
Each party fully understands all of the terms herein set forth and that all of said terms represent and constitute the entire understanding between them, and each has read this Agreement and finds the same to be in accordance with his or her understanding, each does hereby voluntarily execute this Agreement * * *.
Regarding the provisions for spousal support in the separation agreement, the magistrate inquired of Appellant as follows:
THE COURT: Do you understand that the provisions with respect to property division and spousal support would be permanent?
MR. LIODOS: That's my understanding, yes.
Appellant then proceeded to ask particular questions in regard to the possible impact in the event his wife returned to work, whether this is the normal way things are done, whether spousal support could be made subject to change, what would be required to change the agreement, and whether it could be accomplished that day. The magistrate answered clearly that "if [appellee] goes back to work, it would not be subject to change. * * * It's not subject to change, period." She further advised Appellant that "[i]t is possible to make [the agreement] subject to change and it is possible to do it this way." The magistrate cautioned Appellant:
THE COURT: Okay. Now, in saying that, you recognize that this is going to impact you for quite some time. Your youngest child is only five years old. So for the next 13 years it is going to affect you, and in saying that you wish to go ahead, you know, I don't want to have you and the court be in a position where next year, for example, you come back and say, oh, gee, that wasn't a very good decision."
* * *
MR. LIODOS: "I'm going to leave it as it is."
THE COURT: All right. You understand though that you cannot come back and ask to have it changed?
MR. LIODOS: Yes.
Upon this record, this Court cannot conclude that Appellant was confused as to the permanency of the terms regarding spousal support in the separation agreement. Furthermore, though Appellant was advised of his right to counsel, he willingly and knowingly chose to proceed without counsel. Finally, Appellant has submitted no authority in support of his argument that the magistrate was obliged to conduct a review of the separation agreement beyond that which did take place. Appellant has failed to establish that he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). See Liggens v. Liggens
(January 31, 2001), Summit App. No. 19926, unreported, at 5. Consequently, this Court cannot find that the trial court abused its discretion in denying Appellant's motion for relief from judgment. The first assignment of error is overruled.
Assignment of error no. 2
 The trial court committed prejudicial error against defendant byrefusing to hold the final divorce hearing in abeyance until theCiv.R. 60(B) motion in the legal separation action could be ruledupon, and by refusing to hold a hearing concerning the validity ofthe separation agreement in the prior action.
Appellant has contended, through this assignment of error, that the trial court erred in not conducting a hearing on the separation agreement in the course of the divorce proceedings and, ultimately, in failing to modify the provision regarding spousal support in the separation agreement.
As set forth above, the separation agreement, voluntarily entered into by the parties, specifically provided that the spousal support provision was not subject to modification. In addition, the agreement provided that if either party should institute an action for divorce, the agreement "shall be disclosed and presented to the court in such proceeding with the request that it be adjudicated to be fair, just and proper," and adopted by the court and made a part of the final decree of divorce.
In support of his position on appeal, Appellant has offered R.C.3105.18(D). That portion of the statute provides as follows:
In an action brought solely for an order for legal separation under section 3105.17 of the Revised Code, any continuing order for periodic payments of money entered pursuant to this section is subject to further order of the court upon changed circumstances of either party.
Even without considering the non-modification clause in the separation agreement, this section of the Revised Code nonetheless requires a showing of changed circumstances before the court may order modifications. Appellant has not suggested any change of circumstances from the time of the initial adoption of the separation agreement. Consequently, this assignment of error must be overruled.
 III.
Appellant's two assignments of error are overruled. The two judgments of the common pleas court are affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ BETH WHITMORE
BAIRD, P.J., CARR, J. CONCUR.