This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Frederick Roach ("Frederick"), appeals the decision of the Lorain County Court of Common Pleas denying his Civ.R. 60(B)(5) motion. We affirm.
 I.
On May 22, 1996, the trial court granted Frederick and Diane Roach's ("Diane") petition to dissolve their marriage. The parties' separation agreement contained the following provision regarding the division of real property:
The parties are presently owners of real estate located at 1705 Nagel Road, Avon, Ohio 44011.
Title to said property shall remain in the joint names of the parties. Husband shall have the exclusive use of said property until he attains the age of 55. Wife, once she vacates the house upon the availability of her apartment, shall not have any further rights whatsoever in the said property, except the right to receive a certain portion of the equity upon sale as hereinafter specified.
Husband exclusively shall pay the mortgage loan and home equity loan obligation upon said real property and shall pay all taxes and assessments upon said real property until the property is sold. Husband shall also pay all necessary and reasonable expenses for the repairs and maintenance of the property.
When Husband attains the age of 55, the house shall be sold, and 50% of the net equity will be paid to the Husband and 50% will be paid to the Wife[.] Husband, however, shall have the first option to buy out Wife's 50% of the net equity, which will be determined by the fair market value of the house at that time. Husband shall exercise such option within three (3) months after his 55th birthday or lose said option.
If Husband exercises his option to buy, Wife will be relieved of any obligation on the mortgage through refinancing as well as paid in a lump sum for her 50% interest in the net equity of the house. Wife shall appropriately quit claim her interest in the real estate upon the placing in escrow of the funds to which she is entitled hereunder.
If any issue pertaining to the division of the real property as set forth above becomes a matter of dispute, both parties agree that any such issue shall be submitted to the Domestic Relations Court for resolution, and accordingly, both parties agree that the Domestic Relations Court shall retain jurisdiction over such matters.
On February 15, 2000, Diane moved the trial court to: 1) modify the distribution of real estate and 2) award attorney fees and costs. Diane asserted that Frederick failed to maintain the mortgage loan, failed to maintain the home equity loan, and allowed the house to fall into a state of disrepair. The trial court ordered a special processor to serve Frederick with the docket and journal entries. After Frederick was served, the trial court held a hearing regarding Diane's motions.
On February 28, 2000, the trial court granted Diane's motions awarding her exclusive possession and title to the property. The trial court modified the division of real estate finding that Frederick failed to pay the mortgage loan, home equity loan, house taxes, assessments and utilities. Furthermore, the court found that Diane had paid the monthly installments on the mortgage loan since June, 1999.
The record reflects that Frederick did not appeal the February 28, 2000 modification of the division of real estate. Nine and one half months later, Frederick filed a Civ.R. 60(B)(5) motion to vacate the February 28, 2000 order. The trial court denied Frederick's Civ.R. 60(B)(5) motion on May 7, 2001.
This appeal followed. The assignments of error will be considered out of order for ease of discussion.
 II.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED PLAINTIFF/APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO OHIO CIVIL RULE 60(B)(5).
In his second assignment of error, Frederick argues that the trial court erred in denying his motion to vacate the April 28, 2000 order. We disagree.
To prevail on a motion for relief from judgment pursuant to Civ.R. 60 (B), the movant must establish three requirements: 1) the party has a meritorious defense or claim to present if relief is granted; 2) the party is entitled to relief under one of the grounds stated in Civ.R. 60 (B)(1) through (5); and 3) the motion is made within a reasonable time.G.T.E. Automatic Electric v. A.R.C. Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. All three requirements must be satisfied before a Civ.R. 60(B) motion can be granted. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20.
The decision as to whether to grant relief from judgment is entrusted to the sound discretion of trial court, and the ruling will not be disturbed on appeal absent a showing of abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or judgment, but implies that the judgment can be characterized as unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
In the present case, Frederick asserts the following possible meritorious defenses: 1) his unawareness of the hearing on Diane's motion to modify the property division, 2) his attorney's failure to inform him that no direct appeal was filed, and 3) the trial court's lack of jurisdiction to modify the division of property as contained in the parties' separation agreement. We find that Frederick failed to raise a meritorious defense.
First, the record does not support Frederick's assertion that he was not aware of the motion hearing. On February 17, 2000, the trial court granted Diane's motion to appoint a special process server to serve a copy of all pleadings and journal entries on Frederick. According to an April 21, 2000 filing, the special process server made personal service upon Frederick of all documents. Second, the failure of an attorney to inform a client that no direct appeal was pursued from a journal entry does not rise to the level of a meritorious defense.
Finally, the trial court did not lack jurisdiction to modify the division of property. The Supreme Court of Ohio has held:
 Where the parties to a dissolution of marriage have expressly agreed in a separation agreement that the agreement may be modified by court order, and the agreement has been incorporated into the decree, a trial court may, pursuant to its continuing jurisdiction to enforce the decree, grant relief from judgment under Civ.R. 60(B) * * * as to the property division in the separation agreement without vacating the decree of dissolution.
In re Whitman (1998), 81 Ohio St.3d 239, paragraph one of the syllabus.
In the present case, the parties specifically agreed that the Domestic Relations Court would retain jurisdiction over "any issue pertaining to the division of real property." The separation agreement that conferred continuing jurisdiction on the Domestic Relations Court was incorporated into the parties' dissolution of marriage.
Accordingly, Frederick's second assignment of error is overruled.
 III.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED DEFENDANT/APPELLEE'S MOTION TO MODIFY THE DISTRIBUTION OF REAL ESTATE ON APRIL 24, 2000 WHICH EFFECTIVELY MODIFIED THE PARTIES' DIVISION OF PROPERTY AS AGREED UPON IN THEIR SEPARATION AGREEMENT WHICH WAS INCORPORATED INTO THEIR DIVORCE DECREE ON MAY 22, 1996.
In his first assignment of error, Frederick argues that the trial court was without jurisdiction to modify the parties' separation agreement regarding the division of real property.
We begin by noting that the trial court modified the division of property on April 28, 2000. The record reflects that Frederick failed to file a direct appeal from the April 28, 2000 order. Civ.R. 60(B) is not a substitute for a direct appeal; no issue that can be raised on appeal can be used as a basis for Civ.R. 60(B) relief. Doe v. Trumbull CountyChildren Services Bd. (1986), 28 Ohio St.3d 128, paragraph two of the syllabus. If Frederick wished to challenge the trial court's modification of the division of real property, he should have appealed the April 28, 2000 order.
Accordingly, Frederick's arguments regarding the April 28, 2000 order are not properly before this court. Frederick's first assignment of error is overruled.
 IV.
Having overruled Frederick's two assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
WHITMORE, J. concurs.
CARR, J. CONCURS IN JUDGMENT ONLY