[Cite as *State v. Hulgin*, 2013-Ohio-2794.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| UNIVERSITY OF AKRON | C.A. No.     26719 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL HULGIN | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     12 CV 03845 |

DECISION AND JOURNAL ENTRY

Dated: June 28, 2013

CARR, Judge.

{¶1}    Appellant Michael Hulgin appeals the judgment of the Akron Municipal Court that denied his motion for relief from judgment. This Court reverses.

I.

{¶2}    On April 26, 2012, The University of Akron filed a complaint for money due and unjust enrichment against Mr. Hulgin for his alleged failure to pay tuition and fees for the 2002 spring semester. Certified mail service of the summons and complaint was returned unclaimed. Counsel for the university subsequently instructed the clerk to serve Mr. Hulgin by ordinary mail.

{¶3}    On July 9, 2012, the university filed a motion for default judgment to which it appended the affidavit of Jesse Shamp, Special Counsel Supervisor for the creditor employed by the Attorney General. Shamp averred that, within his responsibilities for the superintendence and recovery of delinquent student loans, his/her records search indicated that Mr. Hulgin owed a

total balance of $3,183.96. The next day, the trial court granted the motion for default judgment and entered judgment in favor of the university in the amount of $3,183.96, plus interest at a rate of 3% per annum from April 15, 2012. An order of garnishment was issued three months later to Huntington National Bank.

{¶4} Shortly thereafter, Mr. Hulgin filed a motion for relief from judgment pursuant to Civ.R. 60(B) and requested a stay of proceedings seeking enforcement of the judgment. He appended his affidavit, along with copies of an email he sent and a letter his attorney sent to the debt collector explaining that he did not owe such a debt. The university filed a brief in opposition. The trial court stayed enforcement of the judgment pending ruling on the motion.

{¶5} On November 8, 2012, the trial court denied Mr. Hulgin's motion for relief from judgment pursuant to Civ.R. 60(B). Mr. Hulgin filed a timely appeal and motion for stay, which stay was granted. Mr. Hulgin assigns one error for this Court's review.

II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT-APPELLANT MICHAEL HULGIN'S MOTION FOR RELIEF FROM DEFAULT JUDGMENT UNDER RULE 60(B)(1) AND 60(B)(5).

{¶6} Mr. Hulgin argues that the trial court erred by denying his motion for relief from judgment pursuant to Civ.R. 60(B). This Court agrees.

{¶7} The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of the discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When

applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶8} Civ.R. 60(B) states, in relevant part,

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶9} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that

the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶10} The University concedes that Mr. Hulgin's motion was timely made and that he raised a meritorious defense to present if relief was granted. Accordingly, the parties agree that the only issue is whether Mr. Hulgin demonstrated that he was entitled to relief pursuant to one of the grounds stated in Civ.R. 60(B)(1) through (5).

{¶11} Mr. Hulgin moved for relief from default judgment based on Civ.R. 60(B)(1) and (5). The trial court found simply, because Mr. Hulgin did not file a timely answer as required by the Ohio Rules of Civil Procedure which are equally applicable to pro se litigants as they are to

parties represented by counsel, that Mr. Hulgin had not demonstrated excusable neglect pursuant to Civ.R. 60(B)(1). If the failure to file a timely answer, however, constituted per se inexcusable neglect, then relief from default judgment would never be warranted.

{¶12} As a general rule, relief from default judgment should be granted to allow cases to be decided on their merits, particularly where the movant has timely sought relief and has raised a meritorious defense. *GTE Automatic Elec.*, 47 Ohio St.2d at 151. In fact, "Ohio courts should strive to decide cases upon their merits rather than upon procedural grounds * * *." *Griffey v. Rajan*, 33 Ohio St.3d 75, 79 (1987). Moreover, the Ohio Supreme Court has directed that Civ.R. 60(B)(1) regarding "excusable neglect" must be construed liberally due to the remedial nature of the rule. *Id.*; *accord McEnteer v. Moss*, 9th Dist. Nos. 22201, 22220, 2005-Ohio-2679, ¶ 14.

{¶13} Courts recognize "excusable neglect" as an "elusive concept" which is frequently defined in the negative. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996). For example, neglect is inexcusable where the defendant's inaction "can be labeled as a 'complete disregard for the judicial system.'" *Id.*, citing *GTE Automatic Elec.* at 153, and *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21 (1988). It has been held that a trial court properly denies a Civ.R. 60(B)(1) motion where the neglectful party has shown an intentional disregard for the legal process, coupled with a lack of good faith. *Zimmerman ex rel. Hahn v. Hamilton*, 5th Dist. No. 2002 CA 00358, 2004-Ohio-1461, ¶ 22; *see also Fitz v. Continental Co.*, 4th Dist. No. CT2002-0023, 2003-Ohio-1815, ¶ 18. In determining whether there has been excusable neglect, courts must consider "all the surrounding facts and circumstances." *Colley v. Bazell*, 64 Ohio St.2d 243, 249 (1980). These include the amount of time between the last day that an answer would have timely been filed and the date the default judgment was granted, the amount of the judgment awarded, and "the experience and understanding of the defendant with respect to

litigation matters." *Id*. In addition, "unusual or special circumstances" often substantiate a finding of excusable neglect. *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 536 (4th Dist.1997).

{¶14} In this case, the University filed a complaint to collect tuition and fees that were allegedly owed by Mr. Hulgin ten years earlier. The complaint alleged that demand had been made upon Mr. Hulgin to liquidate the debt and that he had failed to do so, although the complaint did not clarify when such demand had been made.

{¶15} Mr. Hulgin appended three documents to his Civ.R. 60(B) motion. First, he appended his affidavit in which he averred that he had withdrawn from the spring 2002 semester prior to the commencement of classes and that he had notified his advisor of his withdrawal. He averred that he had no transportation to the university that semester and, in fact, did not attend any classes. Accordingly, he averred that he had received no benefit for which he had not paid. Mr. Hulgin further averred that, after the instant lawsuit was filed, he sent an email to counsel for the University, informing him that he did not owe the alleged debt and was not unjustly enriched for the reasons otherwise set forth in his affidavit. He averred that he did not receive any response to that email. He averred that he sent another email to counsel for the University after the University moved for default judgment. Mr. Hulgin appended a copy of that email, in which he asked how the parties might resolve the matter without going to court. Finally, Mr. Hulgin appended a copy of a letter that his newly retained counsel sent to counsel for the University one month after default judgment was rendered, explaining why Mr. Hulgin did not owe the alleged debt, and inquiring as to what the parties could do to resolve the matter without further litigation.

{¶16} The University moved for default judgment just over a week after Mr. Hulgin's answer was due. This Court concludes that the unusual or special circumstances of this case

demonstrate Mr. Hulgin's excusable neglect in failing to file a timely answer to the complaint. This is not the case where he ignored the allegations raised in the complaint. Rather, he contacted counsel for the University on multiple occasions in an effort to resolve a matter that reasonably might simply have been an administrative mistake on the part of the University. After all, the University waited ten years to file suit in an effort to collect tuition and fees for the spring 2002 semester. We conclude that Mr. Hulgin's actions cannot be labeled a complete disregard for the judicial system. Moreover, he appeared to have made good faith efforts to attempt to resolve the matter short of further litigation. Upon consideration of all the surrounding facts and circumstances, this Court concludes that the trial court was unreasonable when it determined that Mr. Hulgin had not demonstrated excusable neglect in failing to file a timely answer to the complaint. Accordingly, the trial court abused its discretion by denying the motion for relief from judgment on the basis of Civ.R. 60(B)(1).

{¶17} The trial court did not analyze whether relief from judgment was warranted pursuant to Civ.R. 60(B)(5), but our resolution of the appeal on the above grounds renders any subsection (B)(5) argument moot. Moreover, as "Civ.R. 60(B)(5) applies only when a more specific provision does not apply[,]" *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994), we further conclude that Mr. Hulgin's alternative argument is moot.

{¶18} Mr. Hulgin's assignment of error is sustained.

### III.

{¶19} Mr. Hulgin's sole assignment of error is sustained. The judgment of the Akron Municipal Court is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
And cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

RICHARD GURBST and F. MAXIMILIAN CZERNIN, Attorneys at Law, for Appellant.

SCOTT W. PARIS, PAUL K. RODE, MICHAEL S. BERKOWITZ, and CRYSTAL BLEVINS, Attorneys at Law, for Appellee.