[Cite as *Pfizer, Inc. v. Schmidlin*, 2013-Ohio-4557.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| PFIZER, INC. | C.A. No. 13CA010333 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JEANNE SCHMIDLIN | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 11CV172419 |

DECISION AND JOURNAL ENTRY

Dated: October 15, 2013

HENSAL, Judge.

{¶1} Jeanne Schmidlin appeals a decision of the Lorain County common pleas court that denied her motion for relief from judgment under Civil Rule 60(B). For the following reasons, this Court affirms.

I.

{¶2} In June 2011, Pfizer, Inc. filed a civil complaint against Dr. Schmidlin, alleging that she owed over $10,000 on an account. On January 20, 2012, Dr. Schmidlin received service by ordinary mail. She did not file an answer so, on March 5, 2012, Pfizer moved for default judgment. The court granted its motion on March 20, 2012. In October 2012, Dr. Schmidlin moved for relief from the default judgment. She alleged that, because she had not sought counsel, she thought that the action would proceed like a small claims case and that she would receive notice of a hearing where she could present her defense. She also alleged that it was her former employer who was responsible for the purchases, not her personally. The trial court

denied her motion. Dr. Schmidlin has appealed, assigning as error that the trial court incorrectly denied her motion for relief from judgment.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S CIV. R. 60(B) MOTION TO VACATE THE DEFAULT JUDGMENT.

{¶3}    Dr. Schmidlin argues that the trial court should have granted her motion because she met the requirements of Civil Rule 60(B). That rule provides:

> [T]he court may relieve a party * * * from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged * * *; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment * * * was entered or taken.

Interpreting Rule 60(B), the Ohio Supreme Court has held that "[t]o prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Elec. Inc. v. ARC Indus. Inc.*, 47 Ohio St. 2d 146 (1976), paragraph two of the syllabus..

{¶4}    Whether relief should be granted under Civil Rule 60(B) is within the sound discretion of the trial court. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). This Court will not reverse the court's decision absent an abuse of discretion. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19-20 (1996). The phrase "'abuse of discretion' * * * implies that the trial court's attitude [was] unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio

St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶5} Dr. Schmidlin argues that she did not file an answer because of inadvertence and excusable neglect. Civ.R. 60(B)(1). According to her, she was under the misconception that the case would proceed like a small claims case and that she would not have to file anything before the final hearing. She asserts that her oversight did not constitute a complete disregard for the judicial system.

{¶6} "[T]here is no bright line test for determining whether a party's reasons for failure to enter an appearance constitute mistake, inadvertence, or excusable neglect." *LaSalle Natl. Bank v. Mesas*, 9th Dist. Lorain No. 02CA008028, 2002-Ohio-6117, ¶ 13. Inadvertence means "[a]n accidental oversight; a result of carelessness." *Black's Law Dictionary* (9th ed.2009). Excusable neglect is an elusive concept that "is frequently defined in the negative." *State v. Hulgin*, 9th Dist. Summit No. 26719, 2013-Ohio-2794, ¶ 13. "For example, neglect is inexcusable where the defendant's inaction 'can be labeled as a complete disregard for the judicial system.'" *Id.*, quoting *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996). "[A] trial court properly denies a Civ.R. 60(B)(1) motion where the neglectful party has shown an intentional disregard for the legal process, coupled with a lack of good faith." *Id.* "In determining whether there has been excusable neglect, courts must consider 'all the surrounding facts and circumstances.'" *Id.*, quoting *Colley v. Bazell*, 64 Ohio St.2d 243, 249 (1980). "These include the amount of time between the last day that an answer would have timely been filed and the date the default judgment was granted, the amount of the judgment awarded, and 'the experience and understanding of the defendant with respect to litigation matters.'" *Id.*, quoting

*Colley* at 249. "In addition, 'unusual or special circumstances' often substantiate a finding of excusable neglect." *Id.*, quoting *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 536 (4th Dist.1997). "The neglect of an individual to seek legal assistance after being served with court papers is not excusable." *LaSalle Natl. Bank* at ¶ 13, quoting *Casalinova v. Solaro*, 9th Dist. Summit No. 14052, 1989 WL 111942, *5 (Sept. 27, 1989).

{¶7}   Dr. Schmidlin acknowledges that she received service of the complaint. Although she alleges that she thought she did not have to do anything until a hearing was set, the summons that she received specifically told her that she was:

> [R]equired to serve a copy of your answer to the complaint upon the plaintiff's attorney * * * within **TWENTY-EIGHT (28) DAYS** after service of this summons on you * * *. Your answer must **ALSO** be filed with this Court within three (3) days after you serve * * * a copy of your answer on the plaintiff's attorney.

The summons also informed her that, "[i]f you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint." The trial court granted Pfizer's motion for default judgment two months after Dr. Schmidlin received service.

{¶8}   In her affidavit, Dr. Schmidlin admitted that she is a doctor of veterinary medicine. She did not aver that she misunderstood the plain language of the summons, merely that she "assumed that like small claims court, [she] would receive further notice of a hearing * * *." In *LaSalle National Bank*, this Court wrote that "the failure to plead or respond after admittedly receiving a copy of a complaint is generally not excusable neglect." *LaSalle Natl. Bank*, 2002-Ohio-6117 at ¶ 13. In *Casalinova*, this Court wrote that "[t]he neglect of an individual to seek legal assistance after being served with court papers is not excusable." *Casalinova*, 1989 WL 111942  at *5. Although those are not per se rules, they are appropriate factors for a trial court to consider when evaluating a motion under Rule 60(B)(1). Upon review

of the record in this case, we note that Dr. Schmidlin made no attempt to comply with the mandate of the summons or to resolve the matter informally with Pfizer with or without the aid of counsel. We, therefore, conclude that the trial court did not abuse its discretion when it determined that Dr. Schmidlin failed to establish inadvertence or excusable neglect under Civil Rule 60(B)(1).

{¶9} Dr. Schmidlin argues that, considering the trial court's decision is only three sentences long, it is manifest that the court failed to consider all of the surrounding facts and circumstances. This Court, however, has recognized that "there is no requirement that the trial court issue findings of fact and conclusions of law or otherwise explain its reasons for its disposition of a Civ.R. 60(B) motion * * *." *CitiMortgage, Inc. v. Dudek*, 9th Dist. Summit No. 25806, 2012-Ohio-899, ¶ 10, quoting *Homes S. & L. Co. v. Avery Place, L.L.C.*, 5th Dist. Delaware No. 11 CAE 02 0014, 2011-Ohio-4525, ¶ 29. Accordingly, the length of the trial court's journal entry does not suggest that the court did not properly consider her motion.

{¶10} Dr. Schmidlin also argues that the trial court's denial of her motion results in a particularly perverse outcome because the only reason that Pfizer believes that she is responsible for the charges on the account is because of her former employer's fraudulent activities. She has not cited, however, and we have not been able to locate, any authority for the proposition that a court may disregard the other prongs of the *GTE Automatic* test if a party's defense is particularly strong.

{¶11} As we noted earlier, this Court may not substitute its judgment for the judgment of the trial court. *Pons*, 66 Ohio St.3d at 621. Upon review of the record, we conclude that Dr. Schmidlin has failed to establish that the trial court abused its discretion when it denied her motion for relief from judgment under Civil Rule 60(B). Her assignment of error is overruled.

III.

**{¶12}** The trial court did not abuse its discretion when it denied Dr. Schmidlin's motion for relief from judgment. The judgment of the Lorain County common pleas court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
CONCURS.

BELFANCE, J.
DISSENTING.

**{¶13}** I respectfully dissent as I would conclude that the trial court abused its discretion in denying Dr. Schmidlin's Civ.R. 60(B) motion without conducting a hearing.

**{¶14}** "If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion." (Internal quotations and citation omitted.) *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19 (1996). "[T]he Ohio Supreme Court has directed that Civ.R. 60(B)(1) regarding 'excusable neglect' must be construed liberally due to the remedial nature of the rule." *State v. Hulgin,* 9th Dist. Summit No. 26719, 2013-Ohio-2794, ¶ 12 (Citation omitted.) "If the failure to file a timely answer * * * constituted per se inexcusable neglect, then relief from default judgment would never be warranted." *Id.* at ¶ 11. Further, "relief from default judgment should be granted to allow cases to be decided on their merits, particularly where the movant has timely sought relief and has raised a meritorious defense." *Id.* at ¶ 12.

**{¶15}** In the instant matter, Dr. Schmidlin mistakenly thought after receiving the summons and complaint that the matter would proceed like a small claims case and she would be informed of when she should appear to present her defenses. While clearly the best practice would have been for Dr. Schmidlin to consult an attorney, some of the language in the summons could arguably be read to support Dr. Schmidlin's interpretation. The summons notes that, if "you fail to *appear and defend*, judgment by default will be rendered against you for the relief demanded in the complaint." (Emphasis added.) This could be read to mean that the party will be given the opportunity to present her case at an oral hearing. The summons does not state that a failure to answer will result in a default judgment. Accordingly, I would conclude that, if Dr.

Schmidlin's averments are believed, she presented operative facts indicating that her conduct does not represent a "complete disregard for the judicial system[,]" and instead constitutes excusable neglect. (Internal quotations and citations omitted.) *Id.* at ¶ 13.

{¶16} Dr. Schmidlin not only presented evidence of operative facts as to excusable neglect, she also presented uncontroverted evidence of a meritorious defense. She attached an affidavit to her Civ.R. 60(B) motion indicating that (1) she was aware that orders for pharmaceuticals were placed using her license during her employment with Animal House; (2) she was not aware that she would be personally financially responsible for those orders; (3) some orders were placed using her license after her employment ended; (4) that Animal House did not have permission to place orders using her license after her employment terminated; and (5) that the company made an application for credit in her name that she did not authorize. Attached to her affidavit was a copy of the application for credit that she did not authorize. Also, the motion was filed within a reasonable time.

{¶17} It is unclear why the trial court denied the Civ. R. 60(B) motion. It may have erroneously concluded that Dr. Schmidlin failed to present sufficient operative facts to warrant relief. Conversely, it may have erroneously concluded that, despite the existence of operative facts warranting relief, it could nonetheless proceed to assess the merit of the facts without conducting the hearing. However, given the existence of operative facts which would warrant relief under Civ.R. 60(B), the trial court was required to hold a hearing in order to take evidence, assess credibility, and verify facts before rendering a decision. *See Kay* at 19; *see also Residential Funding Co., LLC. V. Thorne,* 6th Dist. Lucas No. L-11-1131, 2012-Ohio-2552, ¶ 37-38 (concluding the trial court abused its discretion in denying a Civ.R. 60(B) motion without first holding a hearing when operative facts were alleged which would entitle the movant to

relief if proven); *Massillon Cable TV, Inc. v. Spring,* 5th Dist. Stark Nos. CA-7122, CA-7147, 1987 WL 15797, *2-*3 (determining that a hearing was required prior to ruling on Civ.R. 60(B) motion when the movant alleged operative facts of excusable neglect but it was unclear why the movant waited so long to seek assistance of counsel). Thus, I would conclude the trial court erred in denying her motion without a hearing. *See Kay,* 76 Ohio St.3d at 19. Accordingly, I respectfully dissent.

APPEARANCES:

JACOB M. LOWENSTEIN, Attorney at Law, for Appellant.

MARK J. SHERIFF and DALE D. COOK, Attorneys at Law, for Appellee.