[Cite as *Jackson v. Coker*, 2014-Ohio-5114.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| JEWELL JACKSON | | C.A. No. 27123 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT |
| | | ENTERED IN THE |
| NATHANIEL COKER | | COURT OF COMMON PLEAS |
| | | COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CV-2011-08-4585 |

DECISION AND JOURNAL ENTRY

Dated: November 19, 2014

MOORE, Judge.

{¶1} Defendant-Appellant, Nathaniel Coker, appeals from the September 24, 2013 judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} This matter stems from a dispute over the ownership of real property known as 161 Lake Street, Akron, Ohio ("161 Lake Street"). In 2010, Plaintiff-Appellee, Jewell Jackson, allegedly gave Mr. Coker, her boyfriend, the funds to purchase 161 Lake Street after she and Mr. Coker agreed on the following terms: if Ms. Jackson gave Mr. Coker money to purchase the property and allowed him to place title in his name in order to improve his credit, Mr. Coker would live in the property while it was being renovated, and convey title back to Ms. Jackson after the renovations were complete. According to the record, Ms. Jackson spent approximately $4,000 on the purchase of the property, and approximately $11,000 on labor and materials for the renovations. Once the property was habitable, Ms. Jackson, without Mr. Coker's knowledge,

agreed that Darwin Spencer could rent one of the rooms in the house. Mr. Coker became angry, removed Ms. Jackson, Mr. Spencer, and Mr. Spencer's property from 161 Lake Street, and verbally threatened Ms. Jackson. After this incident, Ms. Jackson demanded that 161 Lake Street be deeded back to her, and Mr. Coker refused.

{¶3} In August of 2013, Ms. Jackson filed a complaint against Mr. Coker, which, as amended, alleged (1) fraud, (2) unjust enrichment/constructive trust, (3) conversion/replevin, and (4) defamation/intentional interference with employee relationships. Mr. Coker filed an answer and counterclaim. The counterclaim was subsequently dismissed, and the matter proceeded to a bench trial. A magistrate of the trial court found that Ms. Jackson was entitled to relief on her claims for fraud, defamation, and constructive trust, and entered judgment in favor of Ms. Jackson in the amount of $54,500. Mr. Coker filed objections, and the trial court adopted the magistrate's decision, in part, and modified it, in part, reducing the judgment to $33,500. Mr. Coker also filed a motion to stay the proceedings and a notice of appeal/motion for reconsideration in the trial court, which were also denied.

{¶4} The trial court submitted Mr. Coker's "notice of appeal," to this Court and we dismissed it in a journal entry for failure to comply with App.R. 3(D). ("The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken."). *See Jackson v. Coker*, 9th Dist. Summit No. 27017 (Aug. 5, 2013). Mr. Coker then filed two motions to stay the proceedings, and two Civ.R. 60(B) motions for relief from judgment. The trial court denied all of Mr. Coker's motions.

{¶5} It is from the trial court's denial of his Civ.R. 60(B) motions that Mr. Coker now appeals, raising one assignment of error for our consideration.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERMINING THAT [MR. COKER] DID NOT PROVIDE OPERATIVE FACTS IN HIS 60(B) MOTIONS WARRANTING RELIEF FROM JUDGMENT.

{¶6} In his sole assignment of error, Mr. Coker argues that the trial court erred in denying his Civ.R. 60(B) motions because, in his first motion, he "clearly alleged [f]raud and newly discovered evidence" and attached the affidavit of Tommy Tanner, a "material witness," and, in his second motion, he alleged that Mr. Tanner was unavailable at the time of trial.

{¶7} In response, Ms. Jackson argues that Mr. Coker failed to allege any operative facts regarding: (1) fraud, (2) Mr. Tanner's unavailability at the time of trial, or (3) what Mr. Tanner's testimony would reveal about Ms. Jackson's expenses.

{¶8} "The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." *State v. Hulgin*, 9th Dist. Summit No. 26719, 2013-Ohio-2794, ¶ 7, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An abuse of discretion indicates that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9} Civ.R. 60(B) allows a court to relieve a party from a final judgment, order, or proceeding under certain circumstances. Such circumstances include: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial * * *; (3) fraud * * *; (4) the judgment has been satisfied, released or discharged * * *; or (5) any other reason justifying relief from the judgment." Civ.R. 60(B).

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "Civ.R. 60(B) relief is improper if any one of the foregoing requirements is not satisfied." *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996). Additionally, "if the Civ.R. 60(B) motion contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion." *Id.*, citing *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18 (1996); *Coulson v. Coulson*, 5 Ohio St.3d 12, 16 (1983). "Conversely, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." *Seidner* at 151, citing *S. Ohio Coal Co. v. Kidney*, 100 Ohio App.3d 661, 667 (4th Dist.1995).

{¶10} "Under the *GTE* test, we must first determine if [Mr. Coker] had a 'meritorious defense or claim' to assert if relief were granted." *Akron Gen. Med. Ctr. v. Med. Mut. of Ohio*, 9th Dist. Summit No. 24484, 2009-Ohio-2679, ¶ 8. "A movant should be cautious and hesitate to 'rely[ ] on filing a motion for relief from judgment with little or no facts and conclusions of law.'" *Id.* quoting *Adomeit v. Baltimore,* 39 Ohio App.2d 97, 103-04 (8th Dist.1974).

{¶11} Here, in his first Civ.R. 60(B) motion, Mr. Coker claimed that Ms. Jackson "committed a fraud on the courts by using fraudulent checks and receipts" to prove the amount she spent on renovating 161 Lake Street. In support, Mr. Coker attached the affidavit of Mr. Tanner, several pages of Ms. Jackson's checks written to Mr. Tanner and Andre Jackson, several

pages of Ms. Jackson's receipts from Home Depot, parts of the transcript from trial, and several pages of product descriptions printed from Home Depot's website.

{¶12} Mr. Tanner's affidavit lists all of the "jobs" he *remembered* doing for Ms. Jackson at her various properties, including 161 Lake Street, between April and July of 2011. In his affidavit, Mr. Tanner states that at 161 Lake Street, he (1) rewired the basement and first floor, (2) plumbed the entire house, (3) replaced drywall and repaired every room, (4) repaired or replaced the windows in most of the house, (5) performed miscellaneous carpentry jobs, (6) repaired an old door, (7) installed a new door, (8) repaired the gas line, (9) repaired the roof, (10) installed a sink, and (11) installed a tub surround. However, Mr. Tanner's affidavit does not speak at all to the issue of fraud, and arguably supports the fact that he did substantial work at the 161 Lake Street property. Further, the other attached documents do not demonstrate that Ms. Jackson committed fraud.

{¶13} In his second Civ.R. 60(B) motion, Mr. Coker claimed that Mr. Tanner was unavailable as a witness at the time of trial and that he had information to "rebut and disprove the expenses presented by [Ms. Jackson]." He also claimed that Mr. Tanner had direct evidence proving that Ms. Jackson committed fraud. Mr. Coker did not attach any evidentiary materials to his second motion, nor did he set forth any facts in support of these allegations.

{¶14} In denying Mr. Coker's Civ.R. 60(B) motions without a hearing, the trial court stated that:

* * *

Upon review and consideration, this [c]ourt finds that [Mr. Coker] has failed to allege operative facts that warrant relief pursuant to Civ.R. 60(B).

[Mr. Coker] alleges that a witness was unavailable at the time of trial, but fails to provide any evidence of the witness being unavailable.

Furthermore, this [c]ourt has reviewed the entire transcript of the two-part trial of this matter and at no time during the first or second part of this trial was a motion made to reconvene to locate the alleged unavailable witness, [Mr.] Tanner.

* * *

{¶15}  Based upon the record before us, we cannot conclude that the trial court abused its discretion in denying Mr. Coker's motions without a hearing.  Neither the motions, nor their attachments, if any, demonstrate operative facts in support of Mr. Coker being entitled to relief from judgment due to fraud or the unavailability of a witness.  As such, because no operative facts were presented in support of Mr. Coker's motions, the trial court did not err in denying them without a hearing.

{¶16}  Accordingly, Mr. Coker's assignment of error is overruled.

III.

{¶17}  In overruling Mr. Coker's sole assignment of error, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

     Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

CHRISTINE D. FINAN, Attorney at Law, for Appellant.

DEAN S. HOOVER, Attorney at Law, for Appellee.