[Cite as *Dixson v. Froelich*, 2019-Ohio-3971.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

SANDRA DIXSON

     Appellant/Cross-Appellee

v.

THOMAS FROELICH

     Appellee/Cross-Appellant

C.A. Nos.     28787
                 28793

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DR-2010-06-1769

DECISION AND JOURNAL ENTRY

Dated: September 30, 2019

---

TEODOSIO, Judge.

{¶1} Appellant, Sandra Dixson, and cross-appellant, Thomas Froelich Jr., appeal the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, overruling objections and adopting the magistrate's decision of April 29, 2014. We reverse.

I.

{¶2} On June 16, 2010, Sandra Dixson and Thomas Froelich Jr. filed a petition for the dissolution of their marriage. A decree of dissolution was entered on July 28, 2010, which attached and incorporated a separation agreement entered into and signed by the parties. In pertinent part, the agreement provided for the division of property as agreed to by Ms. Dixson and Mr. Froelich. The agreement included a provision for the trial court to retain jurisdiction to modify the property division in the event that either party failed to make full disclosure.

{¶3} On June 8, 2011, Ms. Dixson filed a motion to enforce decree, alleging that Mr. Froelich had not fairly and accurately disclosed his assets and income in the affidavit presented

to the trial court and in his negotiations with Ms. Dixson. On November 1, 2011, Ms. Dixson filed an amended motion to enforce decree and motion for partial relief from judgment pursuant to Civ.R. 60(B). Mr. Froelich filed responses to both the original motion and the amended motion. In December 2011, a hearing was conducted on the issue of the timeliness of Ms. Dixson's Civ.R. 60(B) motion. On February 15, 2012, the trial court found that the motion was timely and that the motion filed on November 1, 2011 "relate[d] back" to the motion filed on June 8, 2011.

{¶4} An evidentiary hearing was held before the magistrate on multiple days in September and November of 2013, with the magistrate issuing a decision on April 29, 2014, and the trial court adopting the decision pursuant to Civ.R. 53(D)(4)(b). The entry awarded $65,605.50 against Mr. Froelich by stipulation of the parties, $48,500.00 against Mr. Froelich for Ms. Dixson's share of a 2009 tax return, and $40,000.00 against Mr. Froelich for Ms. Dixson's attorney fees. Both parties filed objections to the magistrate's decision, with the trial court overruling objections and entering judgment on August 29, 2017. Ms. Dixson now appeals, raising three assignment of error. Mr. Froelich has cross-appealed, raising four assignments of error. For the purposes of our analysis, we first address the cross-appeal of Mr. Froelich.

II.

CROSS-APPELLANT'S ASSIGNMENT OF ERROR ONE

THE TRIAL COURT LACKED JURISDICTION TO CONSIDER THE MOTION FOR RELIEF FROM JUDGMENT FILED MORE THAN ONE[]YEAR AFTER THE ENTRY OF THE DECREE OF DISSOLUTION.

{¶5} In his first assignment of error, Mr. Froelich argues the trial court lacked jurisdiction to consider the motion for relief from judgment that was filed more than one year after the decree of dissolution. We agree.

**{¶6}** The trial court entered the decree of dissolution with the attached separation agreement on July 28, 2010. On June 8, 2011, Ms. Dixson filed her motion to enforce decree, moving the trial court "for an order enforcing the parties' Separation Agreement incorporated into their decree of dissolution dated July 28, 2010" on the grounds "that [Mr. Froelich] did not fairly and accurately disclose his financial assets and income in his affidavit presented to [the trial] court or in his negotiations with [Ms. Dixson]." The separation agreement provided, in pertinent part:

> If either party has failed to make full disclosure, then this Agreement shall become voidable and the Court shall, upon such subsequent discovery of assets of either party, retain full jurisdiction to modify the original property division as set forth in this Agreement, taking into account the undisclosed asset in such distribution. The parties further agree that in the event that non-disclosure of assets necessitates further legal action after the execution of this Agreement, the party who has failed fully to disclose assets agrees to pay the reasonable and necessary attorney's fees incurred in bringing the non-disclosure to the Court's attention and in procuring a new property settlement.

**{¶7}** On November 1, 2011, Ms. Dixson filed a motion captioned as "AMENDED MOTION[:] A. MOTION TO ENFORCE DECREE[;] B. MOTION FOR PARTIAL RELIEF FROM JUDGMENT CIV.R. 60(B)[.]" A hearing was conducted on December 21, 2011, as to the timeliness of Ms. Dixson's Civ.R. 60(B) motion, and by its entry of February 15, 2012, the trial court found the motion timely, stating:

> This Court issued the Divorce Decree on July 28, 2010. Defendant filed a motion to enforce the decree on June 8, 2011, and an amended motion for relief from judgment on November 1, 2011. The November 1, 20011[,] amended motion relates back to the June 8, 2011[,] motion. Therefore, Plaintiff's motion is timely and an evidentiary hearing is necessary to determine if Defendant failed to disclose his assets and if so, whether or not Plaintiff is entitled to relief under the grounds plead in her motion.

**{¶8}** After an evidentiary hearing was held over multiple days in September and November of 2013, a magistrate's decision was issued and adopted by the trial court on April 29,

2014. The entry awarded $65,605.50 against Mr. Froelich by stipulation of the parties, $48,500.00 against Mr. Froelich for Ms. Dixson's share of a 2009 tax return, and $40,000.00 against Mr. Froelich for Ms. Dixson's attorney fees. The trial court overruled objections by both parties on August 29, 2017, and stated that it would not disturb the previous ruling that had determined Ms. Dixson's Civ.R. 60(B) motion had been timely.

{¶9} With regard to the modification of the division of property within a decree of dissolution, the Supreme Court of Ohio has held:

> [I]n a dissolution proceeding, if the parties have incorporated into the separation agreement a clause that allows the court to modify the agreement by court order, and the court has approved this agreement and incorporated it into the decree of dissolution, the court has continuing jurisdiction to enforce this clause. If the parties both consent to a modification of the agreement or actually incorporate a means for modification into their settlement agreement, the element of mutual consent has not been lost, and there is no reason to require vacation of the entire decree in order to grant relief under a Civ.R. 60(B) motion. Consequently, a trial court may grant relief from judgment under Civ.R. 60(B)(1), (2), or (3) as to the property division in the separation agreement without vacating the decree of dissolution where the parties to a dissolution have expressly agreed in a separation agreement that the agreement may be modified by court order and the agreement has been incorporated into the decree.

*In re Whitman*, 81 Ohio St.3d 239, 244 (1998). The *Whitman* Court went on to add:

> In order to further promote finality in dissolution proceedings, today's holding is limited to motions brought under Civ.R. 60(B)(1), (2), and (3). This limitation, in effect, provides permanency to any dissolution that has remained unchallenged for one year. Civ.R. 60(B). Further, it preserves the rights of the moving party to Civ.R. 60(B) relief without sacrificing the general finality of a dissolution decree and without creating any undue hardship for the opposing party.

*Id.* at 245. *Whitman* thus limited a trial court's continuing jurisdiction to modify the division of property in a decree of dissolution to circumstances where the parties have expressly agreed to do so in a separation agreement incorporated into the decree, and when moving pursuant to Civ.R. 60(B), only under motions brought under subsections (B)(1), (2), or (3), whereby the

requirement to bring the motion within one year of the decree would substantially preserve the finality of judgment.

**{¶10}** With regard to a motion to modify or vacate judgment made under Civ.R. 60(B), the decision to grant or deny such a motion is within the sound discretion of the trial court. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987); *Jackson v. Coker*, 9th Dist. Summit No. 27123, 2014-Ohio-5114, ¶ 8. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶11}** Civ.R. 60(B) authorizes the trial court to grant relief from a final judgment as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

**{¶12}** In order to prevail on a motion brought pursuant to Civ.R. 60(B), the moving party must demonstrate that:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the

grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976) paragraph two of the syllabus. "[A]ny claims for relief from judgment under Civ.R. 60(B)(1), (2), or (3) [are] untimely [where a movant fails] to file his Civ.R. 60(B) motion within one year of the judgment entered against him." *Fairbanks Capital Corp. v. Heirs at Law*, 9th Dist. Summit No. 22733, 2005-Ohio-6459, ¶ 9. "The requirements of Civ.R. 60(B) are stated in the conjunctive; if one of the requirements [is] not met, relief from judgment cannot be granted." *Wolotsky v. Portage Path Community Mental Health Ctr.*, 9th Dist. Summit No. 16827, 1995 WL 217032, *2 (Apr. 12, 1995), citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

{¶13} The trial court's finding that the November 1, 2012, motion "related back" to the motion to enforce the decree filed on June 8, 2011, is not supported by the Ohio Rules of Civil Procedure. The doctrine of "relation back" is normally limited to the amendment of pleadings pursuant to Civ.R. 15(C). Moreover, even though the trial court may have had discretion to allow for Ms. Dixson to supplement her June 8, 2011, motion to enforce the decree with the subsequent amended motion to enforce the decree, we cannot extend this application to the requirements of Civ.R. 60(B).

{¶14} The June 8, 2011, motion to enforce the decree was not filed pursuant to Civ.R. 60(B) and does not prescribe to any of the requirements for a Civ.R. 60(B) motion, either in form or substance. Ms. Dixson did not file a motion for relief under Civ.R. 60(B) until November 1, 2012, more than one year after the decree of dissolution was entered on July 28, 2010. As we have discussed, *Whitman* provides that modification to the division of property in a decree of dissolution, where the parties have expressly agreed to such in a separation agreement incorporated into the decree, and where a party has moved for relief under Civ.R. 60(B), may be

accomplished only under motions brought under Civ.R. 60(B)(1), (2), or (3), whereby the requirement to bring the motion within one year of the decree would substantially preserve the finality of judgment. Because Ms. Dixson's Civ.R. 60(B) motion was not made within one year of the decree of dissolution, the requirements for a motion under Civ.R. 60(B)(1), (2), or (3) were not met. Consequently, the trial court erred when it found the motion to be timely and granted relief from judgment.

{¶15} We note that the trial court's analysis was limited to Ms. Dixson's motion under Civ.R. 60(B). We therefore decline to reach any conclusions with regard to Ms. Dixson's motion to enforce decree.

{¶16} Mr. Froelich's first assignment of error is sustained.

CROSS-APPELLANT'S ASSIGNMENT OF ERROR TWO

THE TRIAL COURT DID NOT DETERMINE THAT THE MOTION WAS TIMELY OR IN THE ALTERNATIVE THE TRIAL COURT'S FINDING THAT THE MOTION FOR RELIEF WAS TIMELY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

CROSS-APPELLANT'S ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT AWARDED JUDGMENT OF ONE-HALF OF THE 2009 TAX REFUND.

CROSS-APPELLANT'S ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT'S AWARD OF ATTORNEY'S FEES WITHOUT ANY EVIDENTIARY SUPPORT WAS AN ABUSE OF DISCRETION AND WAS NOT SUPPORTED BY SUBSTANTIAL CREDIBLE EVIDENCE.

APPELLANT'S ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED BY DENYING [MS. DIXSON] HER BASIC DUE PROCESS RIGHTS.

APPELLANT'S ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED BY DENYING [MS. DIXSON'S] REQUEST TO SET ASIDE HER DECREE OF DISSOLUTION.

APPELLANT'S ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN INDEPENDENT REVIEW OT THE MAGISTRATE'S DECISION.

**{¶17}** We decline to address the remaining assignments of error because of our determination of Mr. Froelich's first assignment of error. *See* App.R. 12(A)(1)(c).

III.

**{¶18}** Mr. Froelich's first assignment of error is sustained. We decline to address the remaining assignments of error as they have been rendered moot. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed, except as to the stipulated award of $65,605.50 to be paid by Mr. Froelich to Ms. Dixson.

Judgment reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant/Cross-Appellee.

_____
THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CONCURS.

SCHAFER, P.J.
DISSENTING.

{¶19} Because I do not agree that the trial court abused its discretion in addressing Ms. Dixson's request for relief from the division of property in the separation agreement incorporated into the dissolution decree, I respectfully dissent. The majority's narrow reading and application of *Whitman* results in an unjust outcome upon the present facts. In *Whitman*, the Court held that, in a dissolution, "a trial court may grant relief from judgment under Civ.R. 60(B)(1), (2), or (3) as to the property division in the separation agreement without vacating the decree of dissolution where the parties to a dissolution have expressly agreed in a separation agreement that the agreement may be modified by court order and the agreement has been incorporated into the decree." *In re Whitman*, 81 Ohio St.3d 239, 244 (1998). *Whitman* limited its holding to motions brought under Civ.R. 60(B)(1), (2), and (3), which must be asserted within one year, in order to further promote finality in dissolution proceedings. *Id.* However, the permanency and finality concerns of *Whitman* are inapplicable in the present matter where, unlike *Whitman,* the parties' separation agreement not only contained a provision for the court to modify the property

division, but also included an explicit provision that the agreement was voidable, modifiable, and within the court's jurisdiction, in the event that either party failed to make a full disclosure.

{¶20} In her June 8, 2011 motion, Ms. Dixson asserted that Mr. Froelich failed to fairly and accurately disclose his financial assets and petitioned the court to exercise its jurisdiction to modify the division of property pursuant to the terms of the parties' separation agreement. Her motion of November 1, 2011, reiterated these claims and, additionally, requested relief pursuant to Civ.R. 60(B). Either of Ms. Dixson's motions was sufficient to invoke the jurisdiction of the court to determine the validity of the separation agreement in light of her allegations, permit discovery of the parties' assets, and modify the original property division "taking into account the undisclosed asset[s] in such distribution."

{¶21} I would conclude that Ms. Dixson was entitled to relief under the explicit terms of the separation agreement. Therefore, even if the trial court erred in relying on Civ.R. 60(B) in granting her relief, the result was correct and the error was harmless. "An appellate court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such an error is not prejudicial." *In re Estate of Baker*, 9th Dist. No. 07CA009113, 2007-Ohio-6549, at ¶ 15. Accordingly, I would overrule Mr. Froelich's first assignment of error and address the remaining assignments of error on the merits.

APPEARANCES:

LESLIE S. GRASKE, Attorney at Law, for Appellant/Cross-Appellee.

SUSAN K. PRITCHARD, Attorney at Law, for Appellant/Cross-Appellee.

RANDAL LOWRY, Attorney at Law, for Appellee/Cross-Appellant.

KENNETH GIBSON, Attorney at Law, for Appellee/Cross-Appellant.